Cowen, J.
By the Court, We think the judge was right in holding that the verdict and judgment in the former action was not conclusive. In Jackson, ex dem. Palmer, v. Coe, 5 Wendell, 101, this court held, that in an action of ejectment brought before the revised statutes went into effect, the defendant could not take his second- trial of course,'as provided by 2 R. S. 235, 2d ed. § 36, 27, &c. The *decision is in [ *483 ] accordance with a principle which we decidedly approve, viz. *483 that a statute which alters the form or effect of any action or proceeding, though it contain general words of sufficient compass to comprehend past or pending actions or proceedings, shall not, in construction, he extended to them, provided there be any other subject upon which it may operate; in short, that a statute never should be so construed as to affect even pending remedies, unless it either expressly declare such to be its object, or there remain no prospective remedy upon which it can operate. The rule, as stat* ed, may have exceptions and doubtless has ; vide People, ex rel. Fleming, v. Livingston, 6 Wendell, 526 ; People, ex rel. Berry, v. Herkimer C. P. 4 id. 210; but none within the principle of which, the case before us can be brought. To make it such might work great wrong in many respects. To give an ejectment under its ancient form, a conclusive operation, would be to contradict the very frame and object of the action. It never aimed nor professed to question the mere right of property ; but was determined by that of possession, as it stood when the suit was brought. Hence, the title might be tried as often as the failing party chose, until he was arrested by a decree of the court of chancery. Now, and under the statute form of proceeding, after a second trial and verdict against the party, unless it be for cause shown, he is, in general, finally concluded, as he would have been by the ancient writ of right. Vide 2 R. S. 235, 2d ed.
The testimony was of the usual and well known character of that which a controversy between two conflicting patent lines of considerable length calls forth — -monuments, marked lines, practical locations upon them, courses, and distances, to be compared with patents, deeds, maps, surveys and diagrams, presenting a balanced case proper for the consideration and decision of a jury.
The charge of the judge is hardly sought to be impeached in point of law. It is thought he was not precisely accurate in some assumptions of fact which he made ; but I have been unable to detect any material error in this respect.
On the whole we think a new trial should be denied.