ELIZABETH ROGERS & another *vs.* INHABITANTS OF GREENBUSH.

*Recovering back money paid for taxes by non-resident.*

Chapter 199 of the Public Laws of 1868 (R. S., c. 6, § 163), limiting the right of recovery to " money raised for an unlawful purpose," does not apply to a case pending when the act took effect.

ON FACTS AGREED.

ASSUMPSIT. Writ dated March 2, 1868.

The action is brought under R. S. of 1857, § 146, to recover back money paid for taxes assessed upon lands in Greenbush and owned by Josiah Rogers, now deceased, father of the plaintiff, he and they being then residents in Massachusetts. The taxes were assessed for different years prior to 1868. Some of the lands were sold by the town, and the taxes paid under protest, before expiration of the time of redemption, to save the lands, and within one year prior to the date of the writ.

The plaintiffs contended that the taxes were not legally assessed, but that the proceedings were irregular. If they can sustain an action upon such proof the case to stand for trial.

*W. T. Hilliard,* for the plaintiffs.

*J. A. Peters & F. A. Wilson,* for the defendants, cited Public Laws of 1868, c. 199, § 1; R. S. of 1857, c. 6, §§ 146, 98.

KENT, J. The plaintiffs are the owners of certain real estate in Greenbush, as heirs of their father, Josiah Rogers. This estate had been assessed to the said Josiah, as a non-resident proprietor, and the plaintiffs had paid the taxes, charges, and interest to the collector. They bring this suit to recover the amount paid, under the provisions of c. 6, § 146, R. S. We see no ground to prevent their maintaining an action in court, unless it arises under the amendment of this section, by c. 199, Laws of 1868.

The manifest intent of the law in 1857, was to allow a party, who was taxed as a non-resident, to test the legality of the tax by paying it, and then suing the town to recover it back. This intent was carried further in the preceding section, § 145, by which it is provided, that such payment must precede any defense where the validity of the sale for such taxes is in question.

It said to the party, you must pay your tax, but you may test its legality by a suit against the town to recover it back; and in that suit you may investigate all the proceedings, as fully as in a real action, and have all your rights protected, without jeopardizing the whole of your title. This was but reasonable and just, if he must first pay the tax, before he can be heard in defense of his title to his land sold for non-payment. The law intends that every man shall, in some form, have an opportunity to be heard on the questions involving his liability to be taxed for his person and property, both real and personal. *Rogers* v. *Greenbush, ante.*

The legislature, in 1868, c. 199, amended the above-named § 146, by limiting the right to bring the action to the case of raising money "for an unlawful purpose." By the original section the action could be maintained, when, on trial, it appeared that " any requirement of the law had not been complied with, in raising the money, assessing the tax, or in the subsequent proceedings for the collection thereof." We are not called upon to express any opinion of the wisdom or justice of this change in the law, by which a party is now obliged to pay the tax in full, before he can defend in a real action based on the title, and yet is deprived of his action to recover the money back, except in the single case of an assessment for " an unlawful purpose," however grossly defective the proceedings in raising, assessing, or collecting the tax may have been.

According to the view of those who construe these provisions strictly, if he pays an assumed illegal tax, he may save his land, but lose his money with no opportunity to be heard, except on one point,—the unlawful purpose. If he does not pay it he must lose his land, hopelessly, but saves his money. The recent case of *Orono* v. *Veazie*, 57 Maine, 517, has somewhat meliorated the severity of such construction.

Rogers *v.* Inhabitants of Greenbush.

But the question in this case is, whether the amendment of 1868 affects this case. It does not repeal the section, or take away all remedy under it, although it limits this kind of action to a single illegality.

This payment was made, and this action was commenced before the amendment of the statute was made. There is no language in the new statute which indicates any intention in the legislature to make it retrospective, or to apply it to past transactions, or to interfere with actions pending. We never hold an act to be retrospective, unless it is plain that no other construction can be fairly given.

When the plaintiffs paid their money the law said to them, "if you will pay, you shall have a right of action against the town." They did pay, the right attached, and the action was commenced. It would require very strong evidence to satisfy us that the legislature intended to take away the right created by the legislature, and in reliance upon which the money had been paid. We waive the question of the constitutional power of the legislature to abolish entirely a right thus ·acquired, because we are satisfied that they have not attempted or intended to do it.

The case of *Gerry* v. *Stoneham*, 1 Allen, 319, is very nearly the same as this, on this point, and sustains the views we have taken fully. *Case to stand for trial.*

APPLETON, C. J.; CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., concurred.