[No. 12550.  In Bank. — May 28, 1889.]

F. C. LOVELAND, RESPONDENT, v. CHARLES F. GARDNER ET AL., APPELLANTS.

NEGLIGENCE — BARB-WIRE FENCE — INJURY TO ANIMALS. — Though the owner of land is not liable, from the mere act of constructing a barb-wire fence upon his own land along the line of a public highway, for damages sustained by the animals of others, yet he is bound to exercise reasonable care to see that the fence does not become a trap for passing animals, of the natural propensities of which he is bound to take notice; and if he constructs or maintains the fence in a negligent manner, to the injury of

the domestic animals of others, he is liable therefor, and cannot defend against liability for such negligence on the ground that the fence was constructed entirely upon his own land, nor on the ground that it was used for a lawful purpose.

ID. — RECOVERY OF DAMAGES BY ONE JOINT OWNER. — One joint owner of animals injured by means of a barb-wire fence negligently constructed by the defendant along the public highway can only recover for his share of the damages sustained.

PROVINCE OF JURY — INSTRUCTIONS. — The jury are bound by the instructions of the court, whether correct or not.

APPEAL — WAIVER OF DAMAGES AS CONDITION OF REFUSING NEW TRIAL — COSTS OF APPEAL. — When the damages awarded to a plaintiff are more than he is entitled to recover, but it appears from the record on appeal that he is entitled to recover a less sum, the appellate court will direct that the court below shall enter an order requiring respondent to waive the difference as a condition of allowing the judgment to stand and refusing a new trial, otherwise it shall grant a new trial; and that in case the waiver is filed, the parties shall share the costs of appeal.

APPEAL from a judgment of the Superior Court of Lassen County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Taylor & Holl,* for Appellants.

The jury were bound by the instructions of the court to award only half the damages to plaintiff. (*Emerson* v. *County of Santa Clara,* 40 Cal. 543; *Karr* v. *Parks,* 44 Cal. 50; *Cottle* v. *Morris,* 57 Cal. 317; *Aguirre* v. *Alexander,* 58 Cal. 30.) The construction of a barb-wire fence on defendant's land does not constitute negligence. (*Hillyard* v. *Grand Trunk R'y Co.,* 8 Ont. Rep. Q. B. D. 586; *Atlanta etc. R'y Co.* v. *Hudson,* 62 Ga. 680; *Great Western R'y Co.* v. *Davies,* 39 L. J., N. S., 475.)

*Spencer & Raker,* and *E. R. Dodge,* for Respondent.

It must be presumed that the jury obeyed the instructions, and there is no showing of excessive damages to justify this court in setting aside the verdict, or to disturb the order refusing a new trial. (*Bennett* v. *Hobro,* 72 Cal. 178; *Hook* v. *Hall,* 68 Cal. 22.) Should the court hold against respondent, he will consent to a modifica-

tion of the judgment. The defendants are liable on the ground of negligence in the construction and mainte-nance of the fence. (*Sisk* v. *Crump*, 112 Ind. 504; 2 Am. St. Rep. 213; Civ. Code, secs. 1708, 1714; *Knight* v. *Good-year I. R. & S. M. Co.*, 38 Conn. 438; 9 Am. Rep. 406; *Ayer* v. *City of Norwich*, 39 Conn. 376; 12 Am. Rep. 396, and note; *Foshay* v. *Town of Glen Haven*, 35 Wis. 288; 3 Am. Rep. 73.)

PATERSON, J.—The defendants inclosed their land with a barb-wire fence, part of it running along a high-way. The posts were thirty-six feet apart, and had fast-ened to them three strands of barb wire. The first strand was twenty-four inches above the ground; the second, thirteen inches above the first; and the third, fifteen inches above the second. Nothing was used in the con-struction of the fence but posts and wire. The fence was built entirely upon the lands of the defendants. Plain-tiff, who is an adjoining owner, and a stock-raiser, alleged and proved that some of his horses came in contact with the fence without any fault or negligence on his part, and a number of them were killed, and others badly wounded. There was evidence tending to show that the wires of the fence were not properly stretched, but were left hanging loose between the posts in such a way that stock would not be likely to see them. The question of negligence in the construction of the fence was properly and fairly left to the jury under the instructions of the court.

The act of the defendants in constructing the fence upon their property and along the line of the public highway did not of itself render them liable to the plaintiff for the damages sustained; but if the fence was constructed and maintained in such a manner as to con-stitute negligence, they were properly held liable. We cannot say that the evidence is insufficient upon the question of negligence to support the verdict. There

are many material circumstances which, added to the facts above stated, tend to show negligence, but we do not deem it necessary for the purposes of this decision to relate them. A lawful wire fence has been defined by the legislature as follows: "Wire fence shall be made of posts not less than twelve inches in circumference, set in the ground not less than eighteen inches, and not more than eight feet apart, with not less than three horizontal wires, each one fourth of an inch in diameter. The first one shall be eighteen inches from the ground, the other two above this one at intervals of one foot between each, all well stretched, and securely fastened from one post to another, with one rail, slat, pole, or plank of suitable size and strength securely fastened to the posts not less than four and one half feet from the ground." (Pol. Code, sec. 19, subd. 23; Hittell's General Laws, sec. 3032.) Of course the liability of the defendants does not depend upon the question whether their fence came up to the legislative standard, — which fixes the liability of owners of trespassing animals in certain counties, — but the act quoted shows what the legislature of the state considered a good fence. The defendants were not bound to maintain any fence at all, but having undertaken to maintain one, they were bound to see that it was not made a trap for passing animals. It is the duty of the land-owner to take notice of the natural propensity of domestic animals, and to exercise reasonable care to prevent his fence from becoming dangerous. The fact that the fence was constructed entirely upon defendants' land is no defense, if negligently constructed or maintained. The case comes within the rule established by a recent decision of this court in *Malloy* v. *Savings and Loan Society* (filed April 22, 1889). In that case the defendant had negligently suffered a privy vault and cess-pool to remain open upon its premises, about ten feet from the sidewalk of a public street in the city of San Francisco, without any inclosure, and plaintiff's minor child, without any

fault or negligence on his (plaintiff's) part, had fallen into the same and was drowned therein. The demurrer to the complaint, which stated substantially these facts, was sustained in the court below, and the order reversed here. The decision was based upon the principle that one should so use his own property as not to injure the property of another. Of course this principle —which is a maxim of common justice as well as of law —does not create a liability for every injury one may sustain through the use by another of his own property; but where the latter is guilty of a breach of duty which he owes to others in the use of his property, whether by intention or neglect, he is liable for any injury which is occasioned thereby, if the injury is the natural or probable result of the act, and such as a prudent man, under the circumstances, acting with ordinary care, would have foreseen. Under such circumstances it is no defense that the property is used for a lawful purpose. The following cases illustrate the rule: *Birge* v. *Gardner*, 19 Conn. 507; 50 Am. Dec. 261; *Durham* v. *Musselman*, 2 Blackf. 96; 18 Am. Dec. 133; *Railroad Co.* v. *Allen*, 22 Kan. 286. The case at bar is similar to *Sisk* v. *Crump*, 112 Ind. 504, 2 Am. St. Rep. 213, where it was held that a barb-wire fence the strands of which were negligently suffered to sag down and hang loosely from the posts was not such a fence as a good husbandman would construct or maintain, and that the defendant was liable for injuries occasioned to plaintiff's horse while attempting to pass from the street into defendant's field. (See also *Powers* v. *Harlow*, 53 Mich. 507; *Fink* v. *Furnace Co.*, 10 Mo. App. 69; *Railroad Co.* v. *Hudson*, 62 Ga. 680.)

The court instructed the jury that the plaintiff could recover only one half of the damage sustained by the horses owned by him and Knight jointly. We think the instruction is correct; but whether correct or incorrect, the jury was bound by it. (*Emerson* v. *County of Santa Clara*, 40 Cal. 543.) The verdict and judgment

were in favor of the plaintiff for $575 and costs. The evidence shows without conflict that the damage to the property owned jointly by Knight and the plaintiff was $390. Only four horses belonged to plaintiff individually. It is in evidence that two of these horses were damaged to the extent of seventy-five dollars. The other two of the four mentioned were a sorrel colt and a black mare, but plaintiff does not state the damage occasioned to these, or either of them. The witness Cady mentioned the sorrel colt, and estimated the damage to it to be thirty dollars. Assuming this to be the property of plaintiff, the colt mentioned by plaintiff as his property, he would be entitled to recover the following sums only: One half of $390,—the damage to the joint property of Knight and himself,—and the other sums mentioned, $75, and $30 damages to his individual property,— or a total of $300. The amount involved is very small, and we desire, if possible, to avoid the expense and delay of a new trial. The cause is therefore remanded, with directions to the court below to enter an order requiring plaintiff, within such time as the court may fix, to file with the clerk a waiver of any greater sum than three hundred dollars, with interest thereon at seven per cent from the date of the judgment, together with the costs of the action, and directing that unless such waiver be filed within the time mentioned, a new trial will be granted. In case such waiver is filed, each party will pay one half the cost of this appeal, and the judgment and order will stand as they are. If the waiver be not filed, the court below will order a new trial.

BEATTY, C. J., THORNTON, J., WORKS, J., SHARPSTEIN, J., and McFARLAND, J., concurred.