### WING *v.* DE LA RIONDA *et al.*

*(City Court of Brooklyn, General Term.* March 23, 1891.)

COSTS—NEW TRIAL IN EJECTMENT—EXTRA ALLOWANCE.

    In ejectment a judgment in favor of plaintiff was affirmed by the general term and the court of appeals, and the defendant then appealed to special term for a new trial on payment of costs, as provided by Code Civil Proc. N. Y. § 1525, which motion was granted. *Held,* that the order granting the motion properly required defendants to pay the extra allowance awarded plaintiff, although it was not taxed, and although the court in its findings directed the allowance "in addition" to the costs.

An appeal from special term.

Action by Charles U. Wing against Bernardo De la Rionda and others. Defendants appeal. For former reports, see 5 N. Y. Supp. 550, and 25 N. E. Rep. 1064.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*O. J. Wells,* for appellants. *Charles H. Otis,* for respondent.

CLEMENT, C. J. This is an action of ejectment, and was tried at special term, and judgment was rendered in favor of the plaintiff. An extra allowance was awarded in his favor for the sum of $700. The judgment was affirmed by the general term, (5 N. Y. Supp. 550,) and the court of appeals, (25 N. E. Rep. 1064) and the defendants then applied at special term for a new trial, on payment of costs, which motion was granted. The learned judge held that the allowance of $700 should be paid as part of the costs, and the defendants took this appeal from so much of the order as required the payment of the allowance. This question does not appear to have ever before been raised, and no authority directly in point has been cited. The counsel for the appellants lays stress on the fact that the court found that the plaintiff was entitled to judgment, "together with his costs and an extra allowance of seven hundred dollars," and that the allowance was not taxed in the bill of costs. It would have been technically the proper practice, in our opinion, for the clerk to have included in the bill of costs the allowance. It is the custom of the clerk to indorse on the judgment roll the damages and costs separately, including the allowance in the costs, and it is also usual for the clerk to tax in the bill of costs allowances, whether the party is entitled to the same under sections 3252 or 3253 of the Code of Civil Procedure. We do not think that the fact that the allowance was not taxed, or that the court in the findings directed an allowance in addition to the costs, has any bearing on the question before us for review. Prior to the Revised Statutes, the action of ejectment was simply to recover the possession, and the party could sue as often as he chose, and could only be stayed by the court of chancery. *Bates* v. *Stearns,* 23 Wend. 482. By the Revised Statutes it was provided that a judgment in ejectment should be vacated within three years on payment of all costs and damages. The damages did not cover mesne profits prior to the Code of Civil Procedure. *Larned* v. *Hudson,* 57 N. Y. 151. The provision of the Revised Statutes as to new trials in action of ejectment is re-enacted in section 1525 of the new Code. The same is allowed upon payment of all costs and damages other than for rents and profits and for use and occupation. The right to the rents and profits cannot be determined until after the new trial, and hence the defeated party should not pay the same until the title is determined. It will be seen that since the Revised Statutes the defendant seeking a new trial in ejectment has been compelled to pay "all costs and all damages" except damages for mesne profits. We are of opinion that an extra allowance is an item of costs, just as much as the trial or term fee. The word "allowance" means the sum granted as additional costs. Title of the Code of Procedure was as follows: "Of the cost in civil actions." Section

303 provided that "there may be allowed to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action, which allowances are in this act termed 'costs.'" By this section "allowances" and "costs" had the same meaning, and the expression "additional" allowance meant additional costs. See sections 308 and 309 of Code of Procedure. See, also, *Downing* v. *Marshall*, 37 N. Y. 380, 384; Chapter 21 of the Code of Civil Procedure is entitled "Cost and fees," and title 2 is entitled "Fixing the amount of costs," and article 1, "Sums allowed as costs; disbursements." By a careful reading of section 3253, included in such article, title, and chapter, it is evident that an allowance is awarded as an item of costs. It is claimed that an extra allowance has been awarded on the second trial, and that thereby the plaintiff may receive an allowance of 10 per cent. We are only called to decide whether the plaintiff was entitled to be paid the allowance awarded on the first judgment. Whether the court had power to grant the second allowance need not be determined until the question is presented. We see no reason why the plaintiff was not entitled to be paid the allowance included in the judgment, as the Code provides that he is entitled to receive all costs and all damages except mesne profits. Order affirmed, with $10 costs and disbursements.