### WING *v.* DE LA RIONDA *et al.*

*(City Court of Brooklyn, General Term.  June 22, 1891.)*

COSTS—NEW TRIAL IN EJECTMENT—EXTRA ALLOWANCE.

 Where a new trial has been granted after final judgment in favor of plaintiff in ejectment, on payment by defendant of the costs awarded by such judgment, as provided by Code Civil Proc. N. Y. § 1525, an extra allowance may be made to plaintiff on recovery by him of judgment on the second trial, though he was granted an extra allowance on the first trial.

Appeal from trial term.

Action by Charles U. Wing against B. de la Rionda and others. There was a judgment for plaintiff, and defendants appeal.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*O. J. Wells,* for appellants.  *Chas. H. Otis,* for respondent.

VAN WYCK, J.  This controversy has been much litigated, and received great and careful attention from the court of appeals and from the general term of this court, as will fully appear by an examination of *Jackson* v. *Suydam*, (City Ct. Gen. Term, opinion filed Dec. 27, 1887,) affirmed Ct. App., 17 N. E. Rep. 868; *Wing* v. *De La Rionda*, 5 N. Y. Supp. 550, (City Ct. Gen. Term,) affirmed Ct. App., 25 N. E. Rep. 1064; *Wing* v. *De La Rionda*, 13 N. Y. Supp. 793, (City Ct. Gen. Term,) affirmed Ct. App., June Term,

1891, 28 N. E. Rep. 223. This general term has expressed its views upon every question raised upon this appeal, with this single exception: Can the court, on the second trial of an ejectment action, had under the privilege given in section 1525, Code Civil Proc., grant an extra allowance, notwithstanding one was granted and paid upon the first trial? If the court has such power, then, can the total of the two allowances exceed 5 per cent. of the value of the property? This absolute right to a second trial, and to the vacation of the judgment entered in the first on payment of costs, is a greater privilege than is accorded in any other form of action to the losing party. He is required to show no merit in his claim. He is not called upon to even intimate that a rule of justice has been invaded. It wipes out, as completely as the moistened sponge in the hand of the school-boy does the mark upon the slate, the former proceedings for the defeated party, without a hint of error against him or of merit in his favor, and tells him to fight his battle over again, as if a new action had been commenced, though burdened with the risk and penalty of failure. This involves the further costs awarded in the action. We can see no good reason, and none has been advanced, why such costs cannot be enhanced by the granting of an extra allowance. Why should the successful party on the second trial of such action be compelled to forego the compensation of such costs, for his trouble and vexation in a second contest for his property, forced upon him, even though his right thereto is incontestable? This question of costs is before us on a stipulation alone, the form of which excludes from our consideration the amount thereof. The stipulation authorizes the defendant to raise only the question that the court had no power to grant an allowance on the second trial, for the reason that the court had granted one on the first trial. The discussion of the other questions raised on this appeal in the former opinions of this court in this controversy restrains us from a repetition thereof herein, but we refer counsel to them for some of our reasons for the conclusion reached, that this judgment should be affirmed, though we are induced to make a single exception by the earnest attitude and serious argument of appellants' counsel in his hope that we should change our views, based on an expression in the opinion of the court of appeals, in which the learned judge of that court says that the circumstance that on the first trial there was no finding of fact that the terms of this so-called "Jackson-Blanco letter contract" were accepted by the latter relieved that court of considering what would have been the effect of such acceptance thereof upon the rights of the parties to this action. There is no intimation therein that, if that court had considered the same, they differed from our already expressed views thereon.

At the close of the case by both sides the defendant moved for a dismissal of the complaint, and the plaintiff asked for a direction of a verdict in his favor. The former was denied and the latter granted. Then the defendant requested to go to the jury on 10 specific questions of fact. It would seem that this course had made the court the trior of every question of fact, other than these 10, necessary to the determination of the issues between the parties. Now, let us assume that there was an acceptance of the Jackson-Blanco letter, or that the jury would have been justified in so finding, then it would not avail De la Rionda, unless he was the successor of Blanco's rights; for at best this letter only gave Blanco an equitable claim in the premises, and, though a defendant in ejectment may defeat the plaintiff by showing a superior legal title to his in some third person, he cannot defeat plaintiff's legal title by showing an outstanding equitable title or claim in some third person. *Cagger* v. *Lansing*, 64 N. Y. 417, 426, 427. If the parties made the court trior of all questions of fact other than those included in the 10 requests, by the course pursued by them at the close of the case, then defendant cannot complain of the finding that De la Rionda was not the successor of Blanco's rights involved in the direction of a verdict for plaintiff. But, aside from this sug-

gestion, we do not think there was sufficient evidence to carry that question to the jury.   De la Rionda claims to have acquired through Janer the rights of Blanco under this Jackson letter, which rights, though quite indefinite under the terms thereof, might be generally characterized a kind of conditional executory contract of sale.   There is no evidence that his heirs or devisees ever conveyed the same to Janer or to any one.   The testimony offered for the purpose of showing the persons executing the deed to Janer to be his heirs falls completely short of that object.   There is the same absence of evidence to show that his executors or administrators assigned this so-called "letter contract" to Janer, though it does appear that his administrators assigned to Janer two void tax-leases for a thousand years each, made to one Blashfield, which are said to have belonged to Blanco, yet were never in his name, and which were assigned in writing to Janer by Blashfield before the death of Blanco, with or without his consent.   There was no written assignment of these leases to Blanco by Blashfield.   It does seem to us that one claiming the right of possession of real estate as the successor of Blanco's alleged equitable claim thereto, against him who has the legal title, should be compelled to establish more clearly his right of successorship than this defendant has done.   Judgment and order granting an extra allowance affirmed, with costs.