F. P. ROBERTSON AND A. L. STOCKING v. RICHARD WOOLEY, JR.

NO. 82.

**Illegal Fences—Negligence—Nuisance.—**A barbed wire fence along a public highway, even in an incorporated city, unless prohibited by ordinance, is not a nuisance per se, and the owner of such a fence will not be liable in damages for stock injured on same, when guilty of no other negligence in regard to same.

APPEAL from Bexar.    Tried below before Hon. GEO. H. NOONAN.

*Lane & Mayfield*, for appellants.—The fence was not a legal fence. Rev. Stats., art. 4609a; Woodward v. Griffith, 2 Willson's C. C., secs. 360–363; Cook v. Hartsman, 2 Willson's C. C., secs. 770–772; Williams v. Mudget, 2 Texas Law Rev., 337.

*Upson & Bergstrom*, for appellee.—A barbed wire fence is not per se a nuisance, so as to make its owner liable for stock injured on same. Worthington v. Wade, 82 Texas, 26.

NEILL, ASSOCIATE JUSTICE.—This suit was instituted in the Justice Court of precinct number 1 of Bexar County, by appellants, against the appellee, to recover $200 damages for the alleged injury of 56 head of horses, by coming in contact with a barbed wire fence alleged to be owned and negligently maintained by appellee within the corporate limits of the city of San Antonio.

The trial in the Justice Court resulted in a judgment in appellants' favor for $180 and costs; from which judgment Wooley appealed to the District Court, where the case was tried without a jury, and appellants obtained judgment for $25 and for costs in the Justice Court—the costs in the District Court being assessed against them; from which judgment this appeal was taken.

The only error assigned is, that the judgment is contrary to the evidence, in that the evidence showed that appellants should have judgment for the full amount sued for.

The contention of appellee is, that the construction and maintenance of a barbed wire fence near a public street or road is not per se a nuisance, so as to entitle the owner of stock damaged by reason of injuring them-

selves on such fence to recover therefor against the owner of the fence; and that as there was no other proof showing negligence on appellee's part, causing injury to appellants' stock, the mere construction and maintenance of such fence did not authorize a recovery by appellants.

The evidence shows, that on March 11, 1890, the appellant Robertson, together with three other hands, drove the stock from the International & Great Northern Railroad pens, in San Antonio, out on the Fredericksburg road to a pasture; that when they were about a mile and a half from the Main Plaza, and within the corporate limits of San Antonio, they entered with the stock a lane with a barbed wire fence along both sides of the road, and extending several hundred yards; that the fence was made of three barbed wires and three plain wires on posts, the posts being from sixteen to eighteen feet apart, and the fence three and a half feet high; that there was neither board nor rail hung to the top wire nor anywhere else on the fence, and that the fence was the same on both sides of the road. That a mare became entangled in the fence, and the noise of the wire, made by her movements, caused the others to stampede and run against the wires on both sides of the road, and that thereby 25 head of the stock were injured. The fence was constructed by appellee on his land, and was not in the road.

This is all the evidence introduced in relation to the fence. There is no evidence shown by the record that the erection and maintenance of a barbed wire fence in the corporate limits of San Antonio were prohibited or regulated by the ordinances of said city.

The public have no right in the land beyond a highway, and the owner of the adjacent land has the right to use it in any way not injurious to the public. There is no law in this State against the construction and maintenance of a barbed wire fence by one on his own premises. Such a fence is not per se a nuisance. The owner of land in this State has the right to construct upon it such fences as are in general use, and of such material adapted for that purpose as is most readily attainable. And in those portions of the State where, on account of the scarcity of timber, wire is used almost exclusively for fencing, if it should be held that such fences could only be maintained along a highway at the peril of the owner being subject to damages for injuries to animals coming in contact with it, the effect would be virtually to deprive such person of his property without compensation.

In Worthington v. Wade, 82 Texas, 26, the Supreme Court, in passing upon a case, so far as the fence is concerned, somewhat similar to this, says: "We should hesitate long before holding that the mere proof that the fence consisted of barbed wire stretched upon posts is sufficient to show that the parties constructing it were guilty of negligence, even should the fence have been along a public highway." And we now hold that the construction and maintenance of a barbed wire fence by one on

his own premises along a public highway, though in an incorporated
city, if not prohibited by an ordinance, is not negligence per se, and in
the absence of any other evidence tending to show that such a fence is a
nuisance, its owner will not be liable in an action of damages for an in-
jury to stock occasioned solely by its construction and maintenance. And
there being no such other testimony in this case, the judgment of the
court below is without evidence to support it.     It is therefore reversed,
and judgment here rendered for the appellee.

*Reversed and rendered.*

Delivered November 8, 1893.