## GALVESTON LAND AND IMPROVEMENT COMPANY v. J. LEVY & BROS.

### No. 823.

1. **Negligence—Barbed Wire Fence—Fact Case.**—A buggy horse of plaintiffs was injured by coming in contact with a barbed wire fence built by the defendant about three months previously upon its own land, but across an old road within the city limits—the driver of the horse not seeing the fence in the twilight. The evidence did not show that the road was used at the time the fence was erected, or that the driver had any reason to suppose it was open; but it did appear that two streets intersected each other near the place of injury, which, supposedly at least, could have been traveled. *Held,* that the evidence did not show liability on the part of the defendant.

2. **Same—Dangerous Structure Near Public Highway.**—A person may become liable by erecting a dangerous structure on his own property so near to a public highway that when combined with the ordinary accidents of travel it results in injury to a traveler; but the erection of a barbed wire fence will not per se establish liability for an injury occurring in connection therewith.

3. **Charge of Court—Omission of Words.**—Where, by reason of the omission of some words which the court doubtless intended to insert, an instruction is left incomplete and misleading upon a material point, such error will be ground for reversal.

APPEAL from the County Court of Galveston. Tried below before Hon. S. S. HANSCOM.

*Thomas M. Joseph*, for appellant.—1. The owner of land can legally inclose the same on his line with a barbed wire fence, substantially such as is commonly and ordinarily used to turn stock. Such fence may legally cross an old road (not public), and be constructed without a plank attached to posts or wire. Worthington v. Wade, 82 Texas, 26; Robertson & Stocking v. Wooley, 5 Texas Civ. App., 237; Davis v. Davis, 70 Texas, 123.

2. Plaintiffs can not recover, because the driver of the horse and buggy was committing a trespass on the property of defendant when the injury was sustained by the horse. Whart. on Neg., secs. 334–369; Whittaker's Smith on Neg., p. 61, note pp. 63, 371; Beach Con. Neg., p. 54; Baker v. Byrne, 48 Barb., 438; Sevey v. Nickerson, 120 Mass., 306; Straub v. Soderer, 33 Mo., 38; Railway v. Hummell, 44 Pa. St., 375.

3. Defendant in the construction of its fence only made a proper and legal use of its own property, and owed plaintiffs no duty. Oil Co. v. Morton, 70 Texas, 400; Davis v. Davis, 70 Texas, 123; Shearm. & Redf. on Neg., sec 12; Whittaker's Smith on Neg., 61, 53.

*James B. & Chas. J. Stubbs*, for appellees.—1. The charge of negligence on the part of defendant in the construction and maintenance of a barbed wire fence was amply sustained by the evidence. It had only recently been built across a public road, and consisted of three barbed wires strung on posts fifty feet apart, without any rail or board upon the top wire or elsewhere on the fence; and no notice of the closing of the road had been given, and travelers had no means of knowing of the obstruction except the presence of the wires, which were well nigh invisible in daylight, and at dusk almost impossible of discovery to the sight of either man or beast. Hester v. Windham, 27 S. W. Rep., 1078.

2. It was the duty of appellant to make known, in some reasonable and suitable way, the fact that the road had been closed up by its fence. Placing a board along the wires, or filling the road with brush, so that persons in the exercise of ordinary care could see that there was no thoroughfare as formerly, would have been sufficient diligence to have relieved defendant from liability, but it took no such precaution, and had no more right to erect such a dangerous structure across the roadway, though it be upon its own land, than it would have had to have dug a ditch or pitfall along such highway. The maxim "Sic utere tuo ut non alienum laedas" applies. Railway v. McDonald, 152 U. S., 262; 2 W. & W. C. C., secs. 362, 363, 771; Elliott on Streets, 477; 1 Thomp. on Neg., 304, 305, 327.

WILLIAMS, ASSOCIATE JUSTICE.—Appellees, who are liverymen, sued to recover damages for injuries to one of their horses, received by coming in contact with a wire fence upon property of defendant, while being driven by one Gombert, to whom appellees had hired the horse. Gombert was returning to the city from a trip down the island,

and according to plaintiffs' evidence, was driving along an old road at an ordinary gait, when the horse came against the fence, which had been built across such road by defendant, and received the injury complained of. The fence was on defendant's land, but could not be easily seen in the twilight; and we assume that it was not seen by Gombert, and that he was excusable in failing to see it, though he did not testify. If defendant was guilty of negligence in having the fence where it was, the facts in the record are not sufficient to show it.

It is not shown whether or not the road referred to in the testimony as the "old road" had been in common use before, or was in use at all at the time the fence was built, nor are any circumstances stated from which it may be inferred that Gombert had the right to suppose that it was still open. On the contrary, the testimony indicates that there are two public streets which, near the place of the accident, intersect each other at right angles. It is not shown that these were not the established and well known thoroughfares of travel, as one would naturally suppose them to be; and no explanation is offered of the fact that Gombert, instead of following them, was undertaking to follow the old road, which the evidence shows had been crossed by this fence for about three months. It may be that the owner of land through which runs a road which, though not public, is in common use, in building across such a road a fence from which injury to travelers may result, should take some precautions to give notice of the change, and from their failure to do so would incur liability to persons injured while using the road in ignorance of the erection of the fence. As to this, it is unnecessary to express an opinion. But admitting the existence of a duty to take proper precautions to give notice of such a change, it would certainly not continue after the fence had been built for so long a time as to become generally known, and by its mere existence give such notice. Such a duty would exist only to those who were likely to be misled, by the fact that the road had existed, into using it without notice of the change, and the omission to give such notice could only be negligence to such persons. This property being within the city limits, and there being streets regularly laid off for the use of the public, it would seem that the existence of this fence for three months ought at least to raise the presumption that its presence, and the fact that the road was closed by it, was known. But the evidence for plaintiff does not show that the road was in use at all when the fence was built across it, and witnesses for defendant deny that there is any sign of a road at the place of accident.

A person may become liable by erecting dangerous structures on his own property so near to a public highway "that, when combined with the ordinary accidents of travel, they result in injuries to travelers." 1 Thomp. on Neg., 304.

Whether or not barbed wire fences are so essentially dangerous as to make the rule applicable to them, is a question on which doubt has been expressed. Worthington v. Wade, 82 Texas, 26.

The court, in the case cited, has reference to fences in the country, where the common practice of using such material evinced the general judgment that its use for fencing farms and pastures was not attended with such danger as to make it imprudent. A different view might be taken of such a structure along the streets of a city; and the question, as to whether or not the use of such a fence constitutes negligence, may depend upon the situation in which it is placed. In some places they might give rise to such risks as to make it negligence to keep them, while in others their presence would be attended with no unusual danger to persons or property. It is not, however, unlawful for the owner of land to put a barbed wire fence upon it, and if in any particular case, because of its surroundings, the doing so would be a violation of a duty which he owes to the public or to an individual, and therefore constitute negligence, the circumstances to show it must be made to appear. The evidence in this case does not show that the fence was so situated as to make a proper use of the street dangerous, nor that Gombert drove against the fence in attempting to use or follow the street.

The court gave the following instruction, which is assigned as error:

"And in this case, if you believe from the evidence that the fence built by defendant upon its own premises was such a fence as a person of ordinary care and prudence, having a due regard as to whether persons of ordinary care and prudence, or property used or owned by them in a careful manner, would or could be injured thereby; and if you further believe from the evidence that by reason of such improper fence, if you believe it was improper, under the instruction above given, plaintiffs' horse was injured as alleged, and such injuries, if any, were not occasioned by the negligence, carelessness, or want of ordinary care or prudence of the driver in charge of the horse contributing to such injuries, and that plaintiffs' horse was damaged by such injuries, you will find for plaintiffs," etc.

It will be seen that some words which the court doubtless intended to insert are omitted, leaving the instruction incomplete. The jury could not well see from the instruction given what rule was to guide them, but could only determine it by putting such construction on the charge as they thought proper. As it was presented, they might naturally have concluded that if defendant, as a prudent person, ought to have foreseen that persons or property could be injured on the fence, it would be liable. Persons or their property, however prudent such persons may be, can be hurt on any fence that can be erected, though the owner of the fence was not guilty of any negligence whatever in erecting and keeping it.

The charge was calculated to mislead the jury, and for this, as well as for the insufficiency of the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 28, 1895.