## J. F. BROWN v. SAM COOPER.

### No. 1876.

**Barbed Wire Fence—Injury to Livestock—Negligence.**—Defendant placed around land of his theretofore uninclosed and a part of the commons, a barbed wire fence consisting of two and three strands of wire, with posts twenty feet apart, and a horse belonging to plaintiff while attempting at night to follow an accustomed stock trail across the land was injured by the fence. *Held*, that it was the duty of defendant to take notice of the natural propensity of animals to travel the stock trail, and to have so constructed his fence at that point as to have guarded against such probable injury, and plaintiff in action therefor was entitled to have the issue of actionable negligence submitted to the jury.

APPEAL from the County Court of Parker. Tried below before Hon. A. J. HOOD, Jr.

*J. M. Richards,* for appellant.

No brief for appellee reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appellant to recover the value of a horse killed through the alleged negligence of appellee in the construction of a barbed-wire fence around 200 acres of land belonging to the latter.   The fence had only been put up a few weeks when the accident occurred, and consisted of posts about twenty feet apart and three wires (the usual fence), except that on the side of the inclosure where the horse was killed there were but two wires, the bottom one not having been put on.   The proof, however, showed that in this respect the fence was not more dangerous than if it had had three wires all around.

Prior to its construction, the land was a part of the commons, and as such subject to the promiscuous grazing of the live stock of the neighborhood.   Across it ran a neighborhood road, and also a trail, over which cattle and horses, including that of appellant, had been accustomed to travel.   The horse having been insecurely staked by appellant in the vicinity of this fence, seems to have pulled up the stake to which the grazing rope was attached, during the night, and while traveling on the accustomed trail came in contact with the two-wire fence, breaking one of the strands and receiving severe wounds.   After traveling for some distance in the inclosure, the exit was made where the fence crossed the neighborhood road, with a like result, from which the horse immediately died.

The county judge, doubtless taking the view, apparently sanctioned by the opinion of our Supreme Court in Worthington v. Wade, 82 Texas, 26, that the landowner owed no duty to the owner of the horse, virtually withdrew the case from the jury, and declined to submit to them the issue of negligence.   The question to be determined, then, is, did this state of case call for the application of the maxim, that the owner of property must so use it as not to injure the property of another?

But this maxim will not be so applied as to deprive such owner of the ordinary use of his property we freely concede, as also that under existing conditions in this section of the State the fencing of land with the usual barbed-wire fence, though not of the character prescribed by the Act of 1879, comes within such ordinary use.   But where a person so uses his property as to injure that of another, and such injury involves a breach of duty, and is the natural or probable result of the manner of its use, and is such as a man of ordinary prudence under the circumstance would have foreseen, the injury can not be regarded as merely accidental, but becomes an actionable wrong.

In a well-considered opinion by the Supreme Court of California, six judges concurring, under a statute very similar to ours in holding the owners of a barbed-wire fence of three strands to be liable to the owner

of a horse injured thereby in consequence of the wires not being properly stretched, after quoting the statute, this language was used: "Of course the liability of the defendants does not depend upon the question whether their fence came up to the legislative standard—which fixes the liability of owners of trespassing animals in certain counties, but the act quoted shows what the Legislature of the State considered a good fence. The defendants were not bound to maintain any fence at all; but having undertaken to maintain one, they were bound to see that it was not made a trap for passing animals. It is the duty of the landowner to take notice of the natural propensity of domestic animals, and to exercise reasonable care to prevent his fence from becoming dangerous. The fact that the fence was constructed entirely upon defendants' land is no defense, if negligently constructed or maintained." 79 Cal., 317. See also the following cases there cited: Durham v. Mussleman (Ind.), 18 Am. Dec., 133; Sisk v. Graham, 112 Ind., 504; 2 Am. St. Rep., 213.

In inclosing his land, we think it became the duty of appellee to the owner of animals having a right to run at large on the range in that vicinity, to take notice of their natural propensity to travel the stock trail and neighborhood roads across his land, and to so construct his fence at these points as to guard against such probable injury as would have been foreseen by a person of ordinary prudence. That is to say, questions of negligence being peculiarly for the jury, the issue should have been submitted to them whether or not appellee had so constructed his fence at the points of entrance and exit, where the injuries were inflicted, as a person of ordinary prudence would have done who himself owned horses on the outside accustomed before the fence was built to thus travel across his land. As a proper precaution in this respect could not have entailed more than slight additional expense, a requirement that such precaution be taken could hardly be said to deprive him of the ordinary use of his property. It was then a question of fact, and not of law, whether he had acted as a person of ordinary prudence would have done under like circumstances.

It will be noted that, both in the case of Worthington v. Wade, 82 Texas, 26, and in that of Mudgett v. Williams, 2 Posey's Unreported Cases, 254, there criticised, the injuries were inflicted not upon animals having the right to run at large, but upon persons, supposed to be controlled by reason rather than by "natural propensity;" and in the former case the decision seems to have been placed upon the ground, that as the injured person was a trespasser upon the land, the landowner owed him no duty, and therefore could be guilty of no negligence as to him. We do not, therefore, regard the Worthington-Wade case as authority upon the question under consideration, though some expressions in the opinion may seem to be in conflict with the conclusion we have reached.

The common law rule requiring the owner of domestic animals to prevent them from running at large having been held to be inapplica-

ble in this State, appellant can not be regarded as the owner of a tres-passing animal to whom no duty was due from appellee. We think, however, that the issue of contributory negligence on the part of appellant was conspicuously raised, and that it too should have been submitted to the jury.

In order, therefore, that these issues may be thus determined, the judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered May 15, 1895.