## ADAIR v. McFARLIN *et al.*

No. 882.   Opinion Filed May 9, 1911.

(115 Pac. 787.)

1.   **STATUTES—Construction—Retroactive Effect.**   Generally, a statute will be construed as applying to conditions that may arise in the future.   An act will not be given a retrospective operation unless the intention of the Legislature that it shall so operate is unequivocally expressed.

2.   **COURTS—Jurisdiction—Cases Pending at Advent of Statehood—Effect of Subsequent Statute.**   The jurisdiction of the district court of a civil cause involving $387.30 pending in the United States Court for the Indian Territory, Western District, on the advent of statehood and then properly transferred to said court, is unaffected by an act approved June 4, 1908 (Sess. Laws 1907-08, c. 27, art. 1), passed pursuant to article 10, § 7, of the Constitution, giving the county court, coextensive with the county, among other things, exclusive original jurisdiction in all civil cases involving in excess of $200, and not exceeding $500.

3.   **SAME.**   An act approved June 4, 1908 (Sess. Laws Okla. 1907-08, p. 284), is prospective, and not retrospective, in its operation, and does not divest the district court of jurisdiction of civil causes then pending therein involving in excess of $200 and not exceeding $500.

(Syllabus by the Court.)

*Error from District Court, Seminole County; John Caruthers, Judge.*

Action by James L. Adair against B. Porter McFarlin and others.   Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

*Crump, Rogers & Harris* and *T. T. Baker,* for plaintiff in error.

*N. A. Gibson* and *H. C. Thurman,* for defendants in error.

TURNER, C. J.   On October 7, 1905, James L. Adair, plaintiff in error, sued defendants in error in the United States Court for the Indian Territory, Western District, as assignee of their written promise to pay, for $387.30, which cause was there pend-

ing on the admission of the state into the Union. On said event, said cause was properly transferred to the district court of Hughes county, where it was pending untried on the passage and approval of the act of June 4, 1908 (Sess. Laws of Okla. 1907-08, c. 27, p. 284), entitled "An act to define the jurisdiction and duties of the county court * * *," in part providing:

"Sec. 2. The county court, coextensive with the county, shall have original jurisdiction in all probate matters, shall have concurrent jurisdiction with the district court in civil cases in any amount over five hundred dollars and not exceeding one thousand dollars, exclusive of interest, and exclusive original jurisdiction in all sums in excess of two hundred dollars and not exceeding five hundred dollars. * * * *"

After the approval of said act a motion to dismiss for want of jurisdiction was sustained and plaintiff brings the case here.

The only question for us to determine is whether said act divested the jurisdiction of said cause out of the district court and vested it in the county court. It did not. The Constitution (article 7, § 10) provides:

"The district court shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court. * * * *"

This act confers exclusive jurisdiction in certain cases on the county court. Being purely prospective in its terms, this case, already pending in the district court, was unaffected by said act.

Laws are generally construed as applicable to future conditions, and are not to be allowed a retroactive effect unless such intention upon the part of the Legislature is so clearly expressed that no other construction can be fairly given. In *Lawrence v. City of Louisville,* 96 Ky. 595, 29 S. W. 450, 27 L. R. A. 560, 49 Am. St. Rep. 309, the syllabus says:

"While restrospective legislation may, in some cases, be upheld, the words of a statute ought not to have a retrospective operation unless they are so clear and imperative that no other mean-

ing can be annexed to them, or unless the intention of the Legislature cannot be otherwise satisfied."

Potter's Dwarrin on Stat. & Con. 162, note 9, says:

"The general rule is that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of action, or suits, and especially vested rights, unless the intention that it shall so operate is expressly declared, and courts will apply new statutes only to future cases, unless there is something in the nature of the case, or in the language of the new provision, which shows that they were intended to have a retroactive operation. And, although the words of the statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may thereafter arise, unless a contrary intention is unequivocally expressed therein. *Wood v. Oakley,* 11 Paige [N. Y.] 403; *Butler v. Palmer,* 1 Hill [N. Y.] 325; *Johnson v. Burrell,* 2 Hill [N. Y.] 238; *Dash v. Van Kleeck,* 7 Johns. [N. Y.] 477 [5 Am. Dec. 291]; *Berley v. Rampacher,* 5 Duer [N. Y.] 183; *Calkins v. Calkins,* 3 Barb. [N. Y.] 306; *Sackett v. Andross,* 5 Hill [N. Y.] 334; *Vedder v. Alkenbrack,* 6 Barb. [N. Y]. 328; *People v. Supervisors of Columbia Co.,* 10 Wend. [N. Y.] 362; *Van Rensselaer v. Livingston,* 12 Wend. [N. Y.] 490."

In *Rock Island Nat. Bank v. Thompson,* 173 Ill. 607, 50 N. E. 1093, 64 Am. St. Rep. 137, the court said:

"Retrospective laws are not looked upon with favor. Statutes are usually construed as operating on cases which come into existence after the statutes are passed, unless a retrospective effect is clearly intended. Endlich on Interp. of Statutes, §§ 271, 273, 275, 276; *Betts v. Bond,* Breese, 287; *Thompson v. Alexander,* 11 Ill. 54; *In re Tuller,* 79 Ill. 99 [22 Am. Rep. 164]."

Even remedial statutes, such as is the one in construction, are to be deemed prospective in their operation, and are not to be applied to proceedings pending at the time they are enacted, unless a contrary intent appears. *Litch v. Brotherson,* 25 How. Prac. (N. Y.) 416; *Trist v. Cabenas,* 18 Abb. Prac. (N. Y.) 143; Potter's Dwarris on Stats. & Consts. note 9, p. 164. See, also, *Wallace v. Oregon Short Line R. Co.,* 16 Idaho, 103, 100 Pac. 904; *Hawley v. Simms* (Ill. 1887) 14 N. E. 7; *Rogers v. Green-*

*bush,* 58 Me. 395; *Provident Life, etc., Co. v. Brunner,* 4 Neb. (Unof.) 48, 93 N. W. 144.

In *Trist v. Cabenas, supra,* an order of reference was made to a referee prior to the act of 1862, at which time no restriction as to the time of making the report was placed upon a referee. Said act (Laws 1862, c. 460, amending section 273 of the Code of Procedure) required referees to report within 60 days after final submission, and declared that, in default thereof, they should receive no fees, and the action should proceed as if no reference had been ordered. It was held that said act did not apply to the case of a referee acting under an order of reference made prior to the time said act took effect. The court said:

"There is nothing in the amendment indicating an intention to give it a retroactive effect, nor that it shall be applicable only in future cases; and we are left to determine the question by ascertaining from the letter of the statute what was the intention of the lawmakers. * * * In all statutes which effect or change a remedy it is but fair to presume that it was intended to exempt pending cases and proceedings from their operation, unless the contrary appears, especially where the change might prejudice or injure the rights of parties. * * * When the statute is silent, it must be presumed that it was the intention to limit its operations to the period of time when it took effect, and to fasten its provisions only upon such proceedings as might be commenced thereafter. * * * It cannot be that the Legislature intended that any such construction should be put upon the statute. And the omission to apply it in terms to pending actions confirms me in the belief that it was to have no retroactive effect."

And, quoting approvingly from *Woods v. Oakley,* 11 Paige (N. Y.) 400, the court further said:

" 'Courts will apply new statutes only to future cases which may arise, unless there is something in the nature of the new provisions adopted by the Legislature, or in the language of such new statutes, which show that they were intended to have a retrospective operation.' The principle of the cases of *Dash v. Van Kleeck,* 7 Johns. 489 [5 Am. Dec. 291], *Bates v. Stearns,* 23 Wend. 482, and *Berley v. Rampacher,* 5 Duer, 188, is in point."

The contrary not appearing, it is but fair to presume that

said act was intended to exempt cases of this character pending as this was in the district court prior to the approval of said act, for the reason that the change contemplated by said act if construed to include them, not only might, but would, prejudice the rights of the parties. As in such cases pending before statehood we held in *Pac., etc., Ins. Co. v. Adams,* 27 Okla. 496, 112 Pac. 1026, that the right to a common-law jury of 12 was a right of procedure preserved by section 1 of the Schedule to which a party was entitled on the trial of the cause after statehood, so we hold here that to require the parties to try the cause in the county court where they would be relegated to a jury of 6 men would be, in effect, to deprive them of the right of trial by jury, and for that reason said cause was intended to be exempt from the operation of said act.

It follows that the district court erred in dismissing the cause, and for that reason its judgment is reversed and said cause remanded, with directions to proceed in accordance with this opinion.

All the Justices concur.