## MULLEN v. RENZLEMAN.

No. 1071.    Opinion Filed November 14, 1911.

Rehearing Denied December 19, 1911.

(119 Pac. 641.)

1.  **STATUTES—Jurisdiction of County Court—Statutory Provisions —Retroactive Operation.**  The provisions of section 1978, Comp. Laws 1909, conferring upon county courts, exclusive original jurisdiction of civil actions, wherein the amount in controversy is in excess of $200, but does not exceed $500, does not affect an action pending in the district court at the time of the passage and approval of said statute.

2.  **FENCES—Injuries to Animals—Liability.**  One who constructed a barbed-wire fence around his land in the Indian Territory in a careless and negligent manner, and on account of such negligent construction stock running at large were, before the admission of the state, cut, bruised, and otherwise injured on the fence, is liable to the owner of the stock for the damages sustained by him.

3.  **SAME—Injuries to Animals—Actions—Question for Jury.**  There was evidence tending to establish that the fence consisted of posts 80 to 120 feet apart, set loosely in shallow holes, so that they did not stand erect or stationary; that there were two wires hung loosely upon the posts, the first of which was hung about two feet above the ground, but sagged between the posts to within one foot of the ground; that the second or top wire hung and sagged in a similar manner about two feet above the first; that the fence extended in part through timber, through which no fence row had been cut, and the wire was hung in a similarly negligent manner upon trees and bushes, wherever the same were accessible; and that in places the wire could not be easily seen by stock on account of the bushes and timber.  **Held,** that whether there was negligence in the construction and maintenance of said fence was properly a question for the jury.

(Syllabus by the Court.)

*Error from District Court, Carter County;*

*S. H. Russell, Judge.*

Action by F. Renzleman against J. S. Mullen.    Judgment for plaintiff, and defendant brings error.    Affirmed.

*H. A. Ledbetter,* for plaintiff in error.

*Mathers & Matson,* for defendant in error.

HAYES, J.   Defendant in error originally instituted this action by filing in the United States Court for the Southern District of the Indian Territory, at Ardmore, his petition to recover from plaintiff in error damages in the sum of $365, for alleged injuries received by his stock from a fence constructed by plaintiff in error.   Upon the admission of the state, the cause was transferred, under the provisions of the Enabling Act and the Schedule to the Constitution, to the district court of Carter county, where a trial to a jury was had, and judgment rendered in favor of defendant in error for his damages, which the jury found to be $162.50.   The trial in the court below occurred on May 10, 1909.

Plaintiff in error contends, first, that the district court was without jurisdiction to try the cause, because of the provision of section 1978, Comp. Laws 1909, which confers upon the county courts exclusive original jurisdiction in civil cases, where the amount in controversy is in excess of $200, but does not exceed $500.   But this statute has no application to causes pending at the time of its passage and approval.   *Rudolph v. Jurgensen et al., infra,* 119 Pac. 640; *Adair v. McFarlin et al.,* 28 Okla. 633, 115 Pac. 787.

Defendant in error alleges in his amended petition below that plaintiff in error, in the year 1906, unlawfully, wrongfully, tortiously, and carelessly erected around a certain body of land a fence; that the fence consisted of a single barbed wire, supported by posts 60 or 70 feet apart; that the wire, being about four feet from the ground, sagged betwen the posts so close to the ground that it was not likely to be seen by the live stock; that the holes were dug at the shallow depth of from eight to ten inches; that the posts were placed in the holes without the dirt being packed or pressed around them, so as to make them upright and stationary; that they were left loose, so they could sag from one to three feet; that the wire was not securely or permanently tacked or nailed to the posts; that the fence as thus constructed was left in an unsafe and dangerous condition, so that it constituted a trap for passing live stock.   He then alleges that on account of such negligent construction of the

fence several of his domestic animals, describing them, became entangled in the barbed wire of the fence, and were cut and bruised, and some were killed, all to his damage, as itemized in his petition. There was a demurrer by plaintiff in error to defendant in error's petition, and to the evidence, the over-ruling of which has been made the grounds of the second and sixth assignments of error, which may be considered together.

Under the general rule of the common law of England, the owner of the land was under no duty to fence his land against the cattle of his neighbor, and the owner of such stock was bound to keep them within his own inclosure; but this rule of the common law was not in force in the Indian Territory, and the owner of stock in that jurisdiction had the right to let them run at large. *Perry v. Cobb,* 4 Ind. T. 717, 76 S. W. 289; *Eddy et al. v. Evans,* 58 Fed. 151, 7 C. C. A. 129. It is earnestly contended by counsel for plaintiff in error that the construction of the barber-wire fence by plaintiff in error does not constitute negligence *per se.* No fault can be found with this contention, when, as in this case, there is no law prohibiting the construction of such fence; for the contention is supported by many authorities. *Robertson v. Wooley,* 5 Tex. Civ. App. 237, 23 S. W. 828; *Worthington v. Wade et al.,* 82 Tex. 26, 17 S. W. 520; *Galveston Land & Imp. Co. v. Levy et al.,* 10 Tex. Civ. App. 104, 30 S. W. 504; vol. 1, Thompson on Negligence, c. 961. But it does not follow that if such a fence be constructed in a negligent manner, and in consequence of the negligent construction injury results to a person or his animals, without negligence on his part, the owner of the fence will not be liable for damages. The only negligence with which defendant in error is charged is permitting his stock to run at large where they might come in contact with plaintiff in error's fence, but in states where the owner of stock may, under the law, permit them to run at large upon uninclosed land the landowners have no right to erect barbed-wire fences thereon in such a manner as to become in the nature of a trap for the destruction of straying animals. Thompson on Neg. vol. 1, c. 956. A leading case upon this question is *Hurd v.*

*Lacy,* 93 Ala. 427, 9 South. 378, 30 Am. St. Rep. 61, in which Walker, J., speaking for the court, said:

"Upon this subject, the rule prevailing here is very different from the old common law rule. The result is to work a corresponding change in the liability of the landowner. It follows, therefore, that where the general law of this state prevails, a person's right to the use of his land is, in a measure, affected by the recognized right of others to allow their stock to run at large. This latter right would be practically destroyed if upon the lands, not inclosed by a lawful fence, erections or excavations could with impunity be so made that animals straying thereon would be exposed to injury or destruction. It seems plain, under our law, that the landowner has no right to expose straying stock to such perils. He may be under no duty to guard them from the dangers to which they may be exposed in consequence of the natural features of the land, such as ditches, holes, decayed trees liable to fall, etc. Nor would he be liable for an injury to an animal, caused by a fence built in the usual way. If, however, a fence or other erection is so negligently maintained on the land as to be in effect a trap to passing animals, if the injury to animals is the natural or probable consequence of the act, and such as any prudent man must have foreseen, then, in the event of such injury, the landowner is liable to damages therefor."

Other cases in point are *Sisk v. Crump,* 122 Ind. 504, 14 N. E. 381, 2 Am. St. Rep. 213; *McFarland v. Swihart,* 11 Ind. App. 175, 38 N. E. 483, 54 Am. St. Rep. 499; *Lowe v. Guard et al.,* 11 Ind. App. 472, 39 N. E. 428, 54 Am. St. Rep. 511; *Brown v. Cooper,* 10 Tex. Civ. App. 512, 31 S. W. 316; *Rowland v. Baird,* 18 Abb. N. C. (N. Y.) 256; *Loveland v. Gardner,* 79 Cal. 317, 21 Pac. 766, 4 L. R. A. 395. This question involves the application of the maxim that the owner of property shall so use it as not to injure the property of another. It is not so applied, however, that the owner of land is deprived of its ordinary use, but, where in the use of it he so negligently constructs a fence that injury to stock of another, who had the right to permit them to run upon the commons, results therefrom, and the injury is such that a man of ordinary prudence, under the circumstances, would have foreseen it, the injury is an actionable wrong.

In the Alabama case, a single barbed wire, four feet from the ground, was loosely hung from the posts twenty or forty feet apart, and sagged between the posts from eight to twelve inches, and the fence was around a vacant lot in town. Appellee's mule, while running at large, came in contact with the wire, and was injured. The appellate court sustained the finding of the trial court that the fence was not constructed as an ordinarily prudent husbandman constructs such a fence; and that it was constructed carelessly and negligently and dangerously without regard to the rights of stock owners and the public.

In the California case, *supra,* the posts were 36 feet apart, with three strands of wire upon them, the first of which was 24 inches above the ground; the second thirteen inches above the first; the third fifteen inches above the second. The wires were not properly stretched, but left hanging loose between the posts. It was held that whether there was negligence was properly a question for the jury.

There is evidence in the instant case tending to show that the posts were from 90 to 120 feet apart; that there were two wires; that the bottom wire was hung on the posts two feet above the ground, and sagged between the posts to within one foot of the ground. The second and top wire was about two feet above the first. The fence extended partly over prairie land and partly through timber. In the timber no fence row was cut, and no posts set up, but the wire was attached to bushes and trees, wherever they were accessible. In some places the wire could not be easily seen for the brush or timber, and was loosely hung all around the tract of land inclosed. From this evidence the jury might easily conclude that the fence was so constructed as to constitute a warning to stock; and that the dangerous wire hanging so loosely upon the posts and so near to the ground, while not sufficient to warn stock that an obstruction was before them over which they could not pass in safety, constituted a trap in which stock, trying to pass over it, would easily be caught and injured; and we think no error was committed in sending the case to the jury upon the question whether the fence was negligently constructed.

By the third and fifth assignments, complaint is made of the admission of testimony, and by the fourth assignment of the rejection of testimony offered by plaintiff in error. But counsel has failed to set out in his brief in full the substance of the testimony admitted and rejected, of which he complains, as required by rule 25 (20 Okla. xii, 95 Pac. viii), and these assignments therefore will not be considered. For failure to comply with the same rule, by setting out in his brief instructions requested and refused, assignments eight and nine cannot be considered.

All other assignments made have either been covered in the assignments hereinbefore considered, or are so clearly without merit as not to require discussion.

The judgment of the trial court is affirmed.

All the Justices concur.