ENGLISH v. ALLEN. (No. 1413.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 23, 1915. Rehearing Denied March 4, 1915.)

APPEAL AND ERROR ⬤⇒1135—ASSIGNMENT OF ERRORS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1607, requiring an appeal to the Court of Civil Appeals to be tried on error in law, either assigned or apparent on the face of the record, article 1612, requiring appellant to file assignments of error before taking the transcript of record from the clerk of the court below, and article 2113, requiring the transcript to contain a copy of the final judgment, assignments of error, etc., a transcript not containing a copy of the assignment of errors filed below and not on its face disclosing reversible error required an affirmance. ⬤

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4454, 4455; Dec. Dig. ⬤⇒ 1135.]

Appeal from Panola County Court; Geo. Harkrider, Judge.

Action by Mrs. Duckie Allen against Virgil English. Judgment in justice court for plaintiff, and .from a judgment of the county court, overruling defendant's motion to set aside a judgment dismissing his appeal and to reinstate it, he appeals. Affirmed.

J. R. Duran, of Carthage, for appellant. P. P. Long and W. G. Banks, both of Carthage, for appellee.

WILLSON, C. J. In the justice court, where this. suit was commenced, appellee, who was the plaintiff, obtained judgment against appellant for $65 and costs. Appellant perfected an appeal to the county court by a bond filed January 19, 1914. At the August term, 1914, of the county court, the appeal was dismissed because of the failure of the justice to comply with the statute (Vernon's Statutes, art. 2397) requiring him to transmit the papers in the case and a transcript of his docket to the county clerk on or before the first day of the next (being the May) term of the county court, or on or before the first day of the second (being said August) term of said county court, convening after the appeal was perfected. · This appeal is from a judgment of the county court overruling a motion made by appellant to set aside the judgment dismissing his appeal and to reinstate same. The transcript sent to this court does not contain a copy of the assignment of errors, if any, filed in the court below, and the face of the record does not disclose error requiring a reversal of the judgment. Therefore it is affirmed. Vernon's Statutes, arts. 1607, 1612, 2113; Keyser v. Willman, 30 S. W. 504; Peacock v. Moore, 125 S. W. 943.