CHARLES WINCHESTER v. ROBERT B. KING.

*Trial—Theory of case—Mortgage by contract purchaser.*

The plaintiff has a right to have the case submitted to the jury upon the theory oh which he presents it.

Mortgaging goods held under a contract of purchase, before fulfilling the obligations of the contract, is an assumption of ownership, and the intent with which it is done is immaterial so far as concerns the vendor's right to reclaim them.

Error to Iosco.   Submitted April 13.   Decided April 27.

REPLEVIN for goods which plaintiff claims to have placed in defendant's hands under a contract, and which defendant mortgaged to one Forrest.   Plaintiff brings error.   Reversed.

*R. Z. Roberts* for plaintiff in error.

*William H. Simpson* and *Hatch & Cooley* for defendants in error.

MARSTON, C. J.   We are of opinion that the court erred in the instructions given relating to the chattel mortgage placed upon the goods by King.   The plaintiff had a right to have the case submitted to the jury upon the theory that the goods mortgaged had been furnished by him under the written contract of March 26th, and in this view of the case the court was requested to charge the jury that giving a chattel mortgage thereon to Forrest would be such a "termination of the bailment as to entitle the plaintiff to the possession of the goods."   This was refused, but the court did charge that placing a chattel mortgage thereon with intent to deprive the plaintiff of the proceeds of the goods, if done fraudulently, would justify the plaintiff in rescinding the agreement.

The intention with which the act was done would be immaterial.   It was an assumption of ownership by King,

and wholly inconsistent with the title claimed by Winchester under the contract. The effect as to Winchester's rights was the same, whatever the intent of King may have been.

For this error the judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.