RICHARD COUGHLEN v. THE CHICAGO, IOWA & KANSAS RAILWAY COMPANY.

JURY—*View of Premises.* This is one of the cases contemplated by ≬277 of the code, in which the court could make an order to allow the jury to view the premises, and such an order is left by the statute to the discretion of the trial court.

*Error from Cloud District Court.*

THE opinion states the case.

*L. J. Crans,* for plaintiff in error.

*W. W. Guthrie,* for defendant in error.

Opinion by SIMPSON, C.: This was an appeal to the district court of Cloud county, from an award of commissioners appointed by the judge of the 12th judicial district of the state on the application of the defendant in error, to lay off a route for such railway in Cloud county, and to appraise the value of and assess the damages to land appropriated to its right-of-way, etc. The case was tried at the June term, 1885, by a jury. During the trial the court ordered that the jury be taken, in charge of the sheriff of the county, to the premises in question for the purpose "*of viewing the land in dispute.*" The jury returned a verdict for the plaintiff in error, and assessed the amount of his recovery at the sum of $598.25.

There was a motion for a new trial by the plaintiff in error, which was overruled; and plaintiff in error brings the case here.

Only two assignments of error are discussed in the brief of counsel, and insisted on in this court, and both of these have been practically passed upon by the court. The first is, that the findings of the jury and their verdict are not sustained by sufficient evidence as to the value of the land and the assessment of damages, they both being too small. The second is, that the court erred in making the order allowing the jury to view the premises.

As to the first, we can only repeat what has been so often said, that the value of the land and the amount of the damages are questions peculiarly within the province of the jury to determine, and if there is any evidence to sustain the verdict, and it has been approved by the trial court, it will not be disturbed in this court.

As to the second, this court has said in *K. C. Rly. Co. v. Allen,* 22 Kas. 285, (a case similar to this,) "that the matter of viewing the premises is left by the statute to the discretion of the court." In that case it was held not to be error to refuse to allow the jury to "view." In this case it is held not to be error to order them to be taken to "view" in charge of an officer. We will not undertake to discuss the varying impressions that might be conveyed to the minds of the jurors by a view of the premises. We are bound to presume that the purpose of the legislature in allowing them to be taken to the locality is a wise one, and in the absence of a proper showing there are no means of determining whether the view resulted favorably or unfavorably to the plaintiff in error.

It is fairly said that the court should have appointed some person for the purpose of "showing the place." The evident purpose of this clause in the section is to have some person appointed well acquainted with the locality; it is the mode of identification of the place. There may have been no necessity for it in this particular case, as many of the jurors, or the sheriff in charge of the jury, may have been familiar with the

land appropriated and damaged. In any view of it that can be taken, we would be loth to hold that because the record does not show such a person was appointed, that it was such an error as would reverse the case. The better view is, the record being silent, we will presume that everything was done that the statute requires.

We find no error in the record that would justify reversal, and therefore recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.