[No. 14447. In Bank. — March 26, 1892.]

THE PEOPLE EX REL. F. R. WILLIS ET AL., APPEL-
LANTS, v. F. H. HOWARD ET AL., RESPONDENTS.

CONSTITUTIONAL LAW — SUBJECTION OF MUNICIPAL CHARTER TO GENERAL
LAWS — PUBLIC LIBRARIES. — The act of the legislature of 1880 (Stats.
1880, p. 231) entitled " An act to establish free public libraries and read-
ing-rooms " by its terms applies only to such libraries as are established
under its provisions, and not to those existing prior to its date, which
were established under special laws and municipal charters; and the sub-
jection of municipal charters to general laws by the constitution of 1879
does not apply where there is no general law on a given subject to which
the charter relates.

ID. — PUBLIC LIBRARY OF LOS ANGELES — CONTROL OF TRUSTEES. — The
free public library of Los Angeles, having been established under the act
of the legislature of March 4, 1874 (Stats. 1874, p. 274), providing for the
establishment of a public library in the city of Los Angeles, at a time
when the constitution allowed special legislation, is controlled by the
city charter of Los Angeles, adopted and approved in 1889, repealing the
act of 1874, and providing for the management and control of the library;
and the trustees appointed under that charter have the right to the con-
trol and management thereof, to the exclusion of trustees elected under
the general law of 1880, which does not apply thereto.

APPEAL from a judgment of the Superior Court of Los
Angeles County.

The facts are stated in the opinion.

*Willis & Appel*, and *Attorney-General Hart*, for Appel-
lants.

*F. H. Howard*, for Respondents.

TEMPLE, C. — The relators were elected trustees of the
public library of the city of Los Angeles, December 1,
1890, under an act of the legislature, passed in 1880,
entitled " An act to establish free public libraries and
reading-rooms."

The defendants were appointed by the city council,
as provided by the city charter adopted and approved
in 1889. Whether the city charter or the act of 1880
controls is the only question involved.

We find in respondents' brief what purports to be the

opinion of the learned judge of the trial court, which we approve and recommend for adoption as the opinion of this court, in accordance with which we think the judgment should be affirmed. The opinion is as follows: —

" This is a proceeding to determine whether the relators or the defendants have the right to manage and control the Los Angeles public library.

" The case is submitted to the court for decision upon the facts stated in the pleadings.

" On March 4, 1874, a special act was passed by the legislature, providing for the establishment of a public library in the city of Los Angeles. (Acts 1874, p. 274.)

" Under this law the present Los Angeles public library was first organized and established.

" By its provisions, the library was controlled by nine regents, who were elected by the council.

" This act of 1874 was repealed by the city charter of 1878, and different provisions were made in the charter for the management and control of the library. The mayor and council were constituted the trustees of the library, and had the control and management thereof.

" The library continued to be managed according to the provisions of the charter of 1878 until the adoption of the charter of 1889. This charter provides that the library shall be continued in existence, and shall be managed by five directors, to be appointed by the mayor and confirmed by the council.

" The defendants were duly appointed directors of the library under the last charter, and ever since then have been and still are, as such directors, in the control and management of the library.

" The constitution of 1879 provides that 'cities heretofore or hereafter organized, and all charters thereof framed or adopted by authority of this constitution, shall be subject to and controlled by general laws.' (Art. XI., sec. 6.)

" In 1880 a general law was passed, entitled 'An act to establish free public libraries and reading-rooms.' It contains the following provisions:—

"'The municipal authorities of any incorporated city of this state are authorized and empowered, by a resolution duly passed for that purpose, to levy and collect, as in other cases, annually, a tax not to exceed one mill on the dollar, for the purpose of establishing and maintaining in such city free public *libraries and reading-rooms,* and purchasing such books, journals, and other publications as may be necessary therefor.'

"'Sec. 5.   In a city of less than one hundred thousand population, five trustees shall be elected at the same time and in the same manner as the other town officers are elected.   They shall hold office the same length of time, to carry into effect the provisions of this act.'

"'Sec. 8.   The trustees of any library or reading-room established or acquired by authority of this act shall take charge of the same, and of all real and personal property thereunto belonging.'

"'Sec. 14.   An act entitled 'An act to establish and maintain free public libraries and reading-rooms,' approved March 18, 1878, is hereby repealed.   All libraries and reading-rooms heretofore established by authority of the last-named act in any city shall be turned over to the charge, custody, and administration of such trustees as may be constituted or appointed therein under the provisions of this act.'   (Acts 1880, p. 231.)

" The relators were duly elected trustees, under the provisions of the act of 1880 aforesaid, at the last city election, and have duly qualified as such trustees, and upon that ground claim the right to the control and management of the public library in question.

" The organization of the library under the act of 1874 did not take place until March 28, 1878.   Prior to that time there had been a private voluntary association, known as the Los Angeles Library Association, which had established and maintained a library, not for the public, but for the use of its members.   On March 28, 1878, the city council elected a board of regents, as provided by the act of 1874, and on April 6, 1878, this board duly organized, and the same day the library association

made over to the public library thus organized all the books belonging to the association. Thus began the present free public library. It was not therefore established under the authority of the act of March 18, 1878, nor under the act of 1880.

" The relators insist that the act of 1880 being a general law, its provisions apply to all libraries existing in cities as public libraries, and that trustees elected under the ι ct of 1880 have the legal right to manage and control all public libaries in such cities, and that therefore they have the legal right to the control of the Los Angeles public library. The defendants contend that the act of 1880 applies solely to libraries established under its provisions, and not to those existing prior to 1880, and established prior to that time under special laws and charters.

"At the time this library was established as a public library, there was no constitutional inhibition of the enactment of local or special laws for such purposes.

" The provision of the present constitution making cities and charter cities subject to general laws do not apply to this case; for it is manifest that they can be subject only to such general laws as by their terms or by necessary implication are made to apply to cities, or generally throughout the state. So, also, it is clear that public libraries in cities are not necessarily subject to a general law which by its own terms do not apply to all libraries generally, but only to a particular class of libraries.

" In order to be subject to such a law, they must be of the class included in the law.

" The act of 1880 does not apply to all libraries, but only to such as may be established under its provisions. It does not give to the trustees elected under it any powers over other libraries. The language used is: ' The trustees of any library *established or acquired by authority of this act* shall take charge of the same.' They are not authorized to take charge of any library established under the act of 1874. Therefore the Los Angeles pub-

lic library is not affected by the act of 1880, because it is not of the class mentioned in that act.

"Where there is no general law on a given subject to which the charter relates, the provisions of the charter must be allowed to prevail.   The defendants being rightfully appointed under the provisions of the charter, they are entitled to the charge and control of this library. The judgment will therefore be in favor of the defendants."

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.