[Argued October 26, 1893; decided April 3, 1894.]

FIORE *v.* LADD.

[S. C. 36 Pac. 572.]

INSTRUCTIONS TO JURY — PRACTICE.— A party to an action who has given
evidence tending to sustain the issues on his part is entitled to have the
jury instructed on his theory of the case.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

Action by Severio Fiore against the firm of Ladd &
Tilton to recover money. Judgment for defendants and
plaintiff appeals.                    REVERSED.

*Mr. U. S. Grant Marquam,* for Appellant.

*Mr. Charles E. S. Wood,* for Respondent.

Opinion by MR. JUSTICE BEAN.

This is the second appeal in this case. The facts are
sufficiently detailed in 22 Or. 202, 29 Pac. 435, and need
not be repeated here. On the second trial, in which the
evidence was substantially the same as on the first, the
court read from the former opinion, as its entire charge
to the jury, the three proposed instructions numbered
one, two, and three, for the refusal to give which a new
trial was ordered, and, although repeatedly requested by
plaintiff's counsel, refused to instruct upon his theory of
the case, or as to the law applicable to the facts which
his evidence tended to prove. Judging from the reasons
given for the refusal to so instruct the jury, and the

colloquy with counsel in reference thereto, the court must have thought that our decision on the former appeal in effect declared that the instructions refused contained the whole law of the case, and that those given on the former trial were erroneous. But no such question was presented or determined, nor does it seem to us any inference to that effect can be drawn from the language of the opinion, which begins the discussion of the question by saying, that "These instructions were designed to state the law as applicable to the facts as contended for by defendant," and concludes that because they were not given, either as submitted or in substance, the case should be reversed. In other words, there was a phase of the case not covered by the general charge, which, in the opinion of the court, entitled the defendant to the instructions asked; but it does not follow, nor did the court intimate, that there were not other features of the case upon which the jury should be instructed. Indeed, the statement of the case discloses that there was a direct conflict in the evidence as to who had possession of and deposited the money in bank, and the instructions under consideration were only applicable to the defendant's theory, and had no reference to plaintiff's contention.

The law is well settled that it is the duty of the trial court to instruct the jury upon the whole case, and not single out only those facts which have a tendency to establish one side or the other. It should declare the law applicable to the facts contended for, and submit the case to the jury upon the theory of both parties: Thompson on Trials, §§ 2328, 2329; *Swope* v. *Schafer*, 4 S. W. 300; *Winchester* v. *King*, 46 Mich. 102, 8 N. W. 722. Now in the case at bar the charge as given is only applicable to the evidence of the defendants, and submits to the jury only their theory of the case, and was therefore calculated to, and no doubt did, mislead the jury by causing

them to believe that in the opinion of the court the evidence of plaintiff and his contention were unworthy of consideration. The plaintiff had a right and was entitled to have the case submitted to the jury upon the theory on which he presented it, and it was the manifest duty of the court, when requested by counsel, to have done so. It is no answer to this argument to say that the jury could not have found for the defendant under the instructions as given, unless they had been convinced that the facts assumed in the instructions were true, and that if the facts so assumed were true the theory of plaintiff could not possibly be true. The plaintiff had given evidence on the trial tending to sustain the issues on his part, and upon such evidence he had a right to have the jury instructed, and it was the duty of the court to submit both theories of the case to the jury in a clear and intelligible manner, and to so state the issues and the law applicable thereto that the jury might arrive at an intelligent verdict, and because it refused to do so the judgment must be reversed and a new trial ordered.

REVERSED.

---

[Decided April 3, 1894; rehearing denied.]