J. B. TALBOTT v. S. V. DAVIS, *Constable.*

No. 456.    (58 Pac. 1028.)

PRACTICE, COURTS OF APPEALS—*Jurisdictional Defects.* Where no petition in error is filed against one who is a necessary party in this court, it is our duty to dismiss the case although no motion to dismiss is filed.

Error from Reno district court; F. L. MARTIN, judge. Opinion filed November 20, 1899. Dismissed.

*B. O. Davidson,* and *C. M. Williams,* for plaintiff in error.

*McKinstry & Fairchilds,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This is an action of replevin brought by the plaintiff in error against Davis as constable to recover the possession of a phaeton which Davis held by virtue of the levy of an execution against one McClurg, upon a judgment against him in favor of the National Bank of Commerce.

Talbott claimed a special ownership by reason of a sale note which he recorded in the office of the register of deeds of Reno county at eleven o'clock A. M. on the day the levy was made. The testimony of the plaintiff shows that Davis came to McClurg's barn

Tálbott v. Davis.

about ten o'clock A. M. and told him that he had come to make a levy of the execution upon his stock, and asked him to point it out.  He also asked McClurg if he could leave it with him, and McClurg replied that he did not know.  About one-half or three-quarters of an hour after Davis came McClurg left the barn, saying he was going to see his lawyer.  He also notified Talbott and others that Davis was about to make the levy, and they at once filed their liens.  After McClurg returned from seeing his lawyer, which was shortly before 11 : 30 o'clock, Davis gave him a list of the property he had levied upon, and McClurg then consented that it might be left with him.  The property was left with him until some time in the afternoon, when the constable took it into his own possession and removed it from the barn, and the plaintiff in error demanded possession and at once brought this action.

The Bank of Commerce filed an interplea and was by the court made a party defendant.  Upon the trial, the court sustained a demurrer to the evidence of the plaintiff and he brings the case here for review.

No petition in error is filed against the National Bank of Commerce, the interpleader, as the real party in interest and a necessary party in this court.  The defendant named in the petition in error is " S. V. Davis, constable."  A petition in error with the case-made or transcript attached is a prerequisite to our jurisdiction, and because of the failure to bring the action against the necessary parties the case must be . dismissed.

No motion to dismiss has been filed, but, the omission being jurisdictional, it is our duty to raise the question without a motion.

The petition in error is dismissed.