# SPURRIER LUMBER CO. v. DODSON.

No. 1391.   Opinion Filed December 12, 1911.

(120 Pac. 934.)

1. **COURTS—Jurisdiction—Statutory Provisions—Retroactive Operation.** The jurisdiction of the district court of a civil action involving $500 pending in the district court of Pawnee county, Okla. T., and, on the advent of statehood, properly transferred to the district court of Osage county, is unaffected by an act approved June 4, 1908 (Sess. Laws 1907-8, c. 27, art. 1), passed pursuant to sec. 10, art. 7, of the Constitution, giving the county court exclusive jurisdiction coextensive with the county in all civil cases involving in excess of $200, and not exceeding $500.

2. **SAME — Jurisdiction — Amount in Controversy — Statutes.** The above-mentioned and dated act is prospective and not retrospective in its operation, and does not divest the district court of jurisdiction of civil causes then pending therein involving in excess of $200, and not exceeding $500.

3. **TRIAL—Appeal and Error—View of Premises—Discretion of Court —Review.** Sec. 5796, Comp. Laws 1909, authorizing a view by the trial jury of the property, the subject of the action, or the place where a material fact occurred, is discretionary with the trial court, and its ruling thereon will not be reversed on appeal, in the absence of a showing of an abuse of discretion.  (a) This discretion extends to the time during the trial at which the jury is directed to make the view; (b) also whether the order shall be made where there has been a change in the condition of the locus.

4. **SAME—Instructions—Duty of Judge.** It is the duty of the court to submit to the jury and give instructions thereon, any issue, theory, or defense which the evidence tends to support.  This right is not affected by the fact that there is countervailing testimony.

(Syllabus by Sharp, C.)

*Error from District Court, Osage County; John J. Shea, Judge.*

Action by Lewis Dodson against the Spurrier Lumber Company.   Judgment for plaintiff, and defendant brings error.   Reversed and remanded.

*Grinstead, Mason & Scott,* for plaintiff in error.

*J. M. Dodson* and *H. C. Hargis,* for defendant in error.

Opinion by SHARP, C. Plaintiff in error assigns error by the trial court in the following particulars: (1) The district court of Osage county was without authority to hear and determine the cause. (2) The court erred in sending the jury to view the premises. (3) The court erred in refusing to give instruction No. 1, requested by plaintiff in error.

The action below was brought in the district court of Pawnee county September 23, 1907, and regularly removed to the district court of Osage county on the advent of statehood. In the petition plaintiff sought to recover damages in the sum of $500. Counsel for plaintiff in error contends that the passage of the act of June 4, 1908 (article 1, c. 27, Sess. Laws of 1907-8), divested the district court of jurisdiction to hear and determine said action, and that any further proceeding had in the district court was *coram non judice*. To this we cannot agree. In *Adair v. McFarlin et al.*, 28 Okla. 633, 115 Pac. 787, the identical question was raised, save that the question was one arising in the Indian Territory, instead of in Oklahoma Territory.

The opinion of the court contains a careful review of the authorities, and the conclusion arrived at was that as to pending actions the act of June 4, 1908, was prospective, and not retrospective, in its operation, and that its passage did not divest the district court of jurisdiction in civil cases pending therein, involving in excess of $200, and not exceeding $500. See, also, *Rudolph v. Jurgensen et al.*, 119 Pac. 640, and *Mullen v. Renzleman,* 119 Pac. 641, decided at the present term of the court, but not yet officially reported.

Neither do we think that the court erred in directing the jury to view the premises. Section 5796, Comp. Laws 1909, provides:

"Whenever, in the opinion of the court, it is proper for the jury to have a view of the property which is the subject of litigation, or of the place in which any material fact occurred, it may order them to be conducted, in a body, under the charge of an officer, to the place, which shall be shown to them by some person appointed by the court for that purpose. While the jury are thus absent, no person, other than the person so appointed, shall speak to them on any subject connected with the trial."

This is an exact counterpart of section 4372 of the Kansas Statutes of 1889. Under the statute, an order directing the jury to view the property, the subject of litigation, or the place in which any material fact occurred, is a matter of discretion of the trial court, and its rulings thereon will not be reversed, in the absence of a showing of abuse of discretion. *Coughlen v. Chicago, etc., Ry. Co.,* 36 Kan. 422, 13 Pac. 813; 22 Ency. P. & P. 1056; Thompson on Trials, par. 883. This right in proper cases existed at common law. *Springer v. City of Chicago,* 135 Ill. 552, 26 N. E. 514, 12 L. R. A. 609.

The objection made by counsel for plaintiff in error appears to have been directed principally to the act of sending the jury to view the premises immediately after plaintiff had testified. No objection was made to the eighth instruction of the court directing the consideration that the jury should give to their view of the premises, nor was any instruction on this subject requested. Our statute does not attempt to regulate the time during the trial at which the court may direct a view. The whole question, except where fixed by statute, is within the sound discretion of the trial judge. *Galena, etc., Ry. Co. v. Haslam et al.,* 73 Ill. 494; *Kankakee, etc., Ry. Co. v. Straut,* 102 Ill. 666; 22 Ency. P. & P. 1058; Thompson on Trials, par. 908.

We cannot say from an examination of the testimony that there was error in sending the jury to view the premises at the time the order was made. It is presumable that the order was made with due regard to the orderly progress of the trial, and it is manifest that it was made at or about the hour of the noon adjournment, as it appears that the jury was instructed to return to court at 1:30 p. m.

Counsel further complains that sending the jury to view the premises in their then changed condition was an abuse of discretion, constituting reversible error. We do not think so; in fact, a total failure of consideration, or deterioration in value, caused by improper and unskillful workmanship or the use of poor or worthless material, went directly to establish, if found to exist, the plaintiff's cause of action, and the amount of his

damages, and to enable the jury to understandingly apply their observations to the testimony of the witnesses. Cases may, and sometimes do, arise where it would be an abuse of discretion to permit the jury to view premises where they are in a changed or altered condition, but we do not consider such to be the case here. In all cases the opposing party has the right to offer testimony to show that there was a change in the condition, the extent and cause thereof, and that the change, if such there was, resulted from some agency over which it had no control and for which it was not responsible. *Osgood v. City of Chicago,* 154 Ill. 194, 41 N. E. 40; *Springer v. City of Chicago,* 135 Ill. 552, 26 N. E. 514, 12 L. R. A. 609.

Counsel for defendant below properly requested the court to give the following instruction:

"You are further instructed that if you find from the evidence that the walls constructed by defendant for the plaintiff were faulty, and should further find that it was practicable to remedy such faults, and defendant offered to remedy same, but such offer was refused by plaintiff and plaintiff forbade the defendant to enter upon the premises for the purpose of remedying such defects, then your finding and verdict should be for the defendant."

The request was denied and exception taken. In this the court committed error. This instruction represented the defendant's theory of the case set up in its answer, and there was testimony introduced justifying the giving of such instruction. The instruction was not covered in the court's charge, and, under such circumstances, it was error, necessitating the reversal of the case, to decline to give the instruction. It is the duty of the court to submit to the jury, and give instructions thereon, any issue, theory, or defense which the evidence tends to support. This right is not affected by the fact that there is countervailing testimony. *Kempe et al. v. Bennett et al.,* 134 Iowa, 247, 111 N. W. 926; *Fiore v. Ladd et al.,* 25 Ore. 423, 36 Pac. 572; *Winchester v. King,* 46 Mich. 102, 8 N. W. 722; *Poole v. Consolidated Street Railway Co.,* 100 Mich. 379, 59 N. W. 390, 25 L. R. A. (Mich.) 744; *Swope v. Schafer* (Ky.) 4 S. W. 300; *Bink-*

*ley v. Dewall,* 58 Pac. 1028; *Goodwin v. McCabe,* 75 Cal. 584, 17 Pac. 705; *Buckley v. Silverberg,* 113 Cal. 673, 45 Pac. 804; Thompson on Trials, secs. 2324-2328; 38 Cyc. 1626.

The attention of counsel is called to the fact that it appears that the verdict of the jury was signed by but eleven jurors. This action being one pending on the admission of Oklahoma into the sisterhood of states, the parties were entitled to a unanimous verdict. *Pacific Mutual Life Ins. Co. v. Adams,* 27 Okla. 496, 112 Pac. 1026; *Kerfoot-Bell Lumber Co. v. Kerfoot, infra,* 118 Pac. 367; *Van Arsdale-Osborne Brokerage Co. v. Patterson, infra,* 120 Pac. 933.

It does not appear that there was any waiver of the right to a unanimous verdict, or, on the other hand, that any objections to the verdict as returned were made, and, in view of the fact that it is necessary that the case should be reversed on other grounds, and there being no occasion for the recurrence of the error, if error it be, this question need not arise in the further proceedings of the cause.

For the reasons assigned, the case should be reversed, and remanded for new trial.

By the Court: It is so ordered.

All the Justices concur.