Argued March 21, affirmed March 27, 1917.

# VAN ORSDOL v. HUTCHCROFT.*

(163 Pac. 978.)

**Trial—Instructions—Issues.**

1. In broker's action for commission on exchange of stock of goods, although the complaint alleged sale of personalty only, it was proper to submit to jury question whether sale of stock included realty on which the building was situated as embracing the defendant's theory of the case as averred by the answer.

**Appeal and Error—Scope of Review—Presumptions.**

2. Where the bill of exceptions does not contain any of the testimony, it will be presumed that evidence was received authorizing the instructions given.

**Frauds, Statute of — Actions — Instructions — Broker's Commission Contract—"Store."**

3. Where a broker in action on an oral agreement for commissions alleged that he sold a store, the word "store," as used on the Pacific Coast, meaning a building in which goods, wares and merchandise are kept for sale, and he did not aver that the store was not part of the real estate, an instruction that a contract for sale of realty must be in writing was warranted by the pleading.

[As to legal meaning of "store," see note in Ann. Cas. 1913E, 1125.]

From Yamhill: HARRY H. BELT, Judge.

Action by T. L. Van Orsdol against R. J. Hutchcroft to recover commission alleged to be due on a real estate deal. From a verdict for the defendant, plaintiff appeals. AFFIRMED.

Department 2. Statement by MR. JUSTICE MOORE.

This is an action to recover an alleged commission for negotiating an exchange of property. The complaint charges substantially that at all the times stated therein the plaintiff was a real estate broker; that in February, 1915, the defendant was the owner of a

*Authorities passing on the question of necessity that authority of agent to purchase or sell real property be in writing to enable him to recover compensation for his services, see notes in 9 L. R. A. (N. S.) 129. REPORTER.

store and stock of goods, which he desired to sell or exchange, and for that purpose engaged the plaintiff to procure a purchaser thereof, or a person who would exchange property therefor; that pursuant to such employment the plaintiff secured K. S. Parrott, with whom the defendant effected a trade of his property at a value of $7,000; that in consummating such exchange the plaintiff was the procuring cause, and that the reasonable value of the services which he thus rendered is $200, no part of which has been paid.

The answer denies some of the averments of the complaint, admits others, and for a further defense alleges, in effect, that at the time stated the defendant was the owner of the stock of goods and of the store referred to, together with the fixtures therein, and also the owner in fee and in possession of the real property of which the store formed a part and upon which it was built; that the defendant desired to exchange such goods, store, fixtures, and real property as an entirety for other land of equal value; that in February, 1915, he exchanged such property as a whole with K. S. Parrott for realty then belonging to him and other lands owned by John Loop, all of which was traded as an entire contract; that such exchange is the same sale of the store and stock of goods referred to in this .complaint herein; that the defendant did not enter into any written contract of employment with the plaintiff to procure a purchaser of such property, or any part of it, as required by Section 808, L. O. L.; and that the agreement mentioned in the complaint was not in writing, nor was any note or memorandum thereof subscribed by the defendant or by his authorized agent.

The reply controverted the allegations of new matter in the answer, whereupon the cause was tried re-

sulting in a judgment for the defendant, and plaintiff
appeals.                                     AFFIRMED.

For appellant there was a brief over the name of
*Messrs. Holmes & Pearce,* with an oral argument by
*Mr. Webster Holmes.*

For respondent there was a brief over the name of
*Messrs. McCain, Vinton & Burdett,* with oral argu-
ments by *Mr. W. T. Vinton* and *Mr. James E. Burdett.*

MR. JUSTICE MOORE delivered the opinion of the
court.

1. Exceptions having been taken to parts of the
court's charge, it is maintained that errors were com-
mitted in instructing the jury as follows:

"(1) If you believe that whatever contract, if any,
the plaintiff had, had to do with the sale of real prop-
erty in addition to the sale of personal property, then
your verdict should be for the defendant, for the reason
that a contract, a broker's contract, for the sale of real
property, must be reduced to writing, must express a
consideration, must be subscribed by the party to be
charged.   So the question in this case is largely, what
was the contract? * * (2) There must, in order to
make a contract, be, among other things, an offer and
acceptance; there must be a meeting of the minds.
When you retire to your jury room for deliberation
upon the questions, you should consider, was there a
meeting of the minds between the plaintiff and defend-
ant, as to the contract of employment.   If there was
no meeting of minds, then your verdict would be for
the defendant."

2. It is argued by plaintiff's counsel that the com-
plaint alleges that their client, at the request of the
defendant, negotiated for him the exchange of personal
property, and, though a tract of land may also have

been included in the trade, the plaintiff was entitled
to a reasonable compensation for his services in secur-
ing the disposition of the personal property, and as no
realty was mentioned in the complaint, nor any charge
made for negotiating the sale thereof, any reference
in the first instruction to that class of property was
erroneous. It will be remembered that the answer
avers that the store referred to in the complaint em-
braced a tract of real property upon which that build-
ing was erected. If the complaint had specifically de-
scribed property which unmistakably showed it was
personal, the answer having averred that the exchange
desired by the defendant included a lot of his land upon
which the store was built, that party's conflicting theory
of the case was properly submitted to the jury: *Fiore*
v. *Ladd,* 25 Or. 423 (36 Pac. 572); *Barnhart* v. *Ehr-*
*hart,* 33 Or. 274 (54 Pac. 195); *Farmers & Traders'*
*Nat. Bank* v. *Woodell,* 38 Or. 294 (61 Pac. 837, 65 Pac.
520); *Lewis* v. *Craft,* 39 Or. 305 (64 Pac. 809); *State* v.
*Smith,* 43 Or. 109 (71 Pac. 973); *State* v. *Teller,* 45 Or.
571 (78 Pac. 980); *Donohoe* v. *Portland Ry. Co.,* 56 Or.
58 (107 Pac. 964). The application of this rule de-
pends upon the introduction of evidence relating to the
theory of the party who makes the averment. The
bill of exceptions does not contain any of the testimony
given at the trial, and in the absence thereof it will be
presumed that evidence was received tending to sub-
stantiate the allegation of the answer and authorizing
the giving of the first instruction.

3. It will be kept in mind that the complaint alleges
the negotiation of a store by the plaintiff for the de-
fendant. The word "store" as used on the Pacific
Coast means a building in which goods, wares, and
merchandise are kept for sale. As nearly every build-
ing is put up with the intention that it shall become

and remain a part of the land on which it rests, it necessarily follows that in order to overcome the presumption that a building is real property a pleading must allege facts showing the structure was placed on a temporary foundation and erected with the intention that it should be removed, or that it had been taken from its original support so as to be moved away. As such an averment is not to be found in the initiatory pleading it, in effect, alleged that the plaintiff negotiated for the defendant the sale *inter alia* of real property, and this being so the giving of the first instruction was warranted by the plaintiff's own pleading, and no error was committed in this respect.

As to the second instruction, since no transcript of the testimony has been brought up, it will be presumed that this part of the charge was predicated upon evidence received, and for that reason no error was committed as alleged.

The judgment is, therefore, affirmed.    AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE McCAMANT concur.