Argued May 7, reversed and remanded with directions May 22, 1917.

# ENTERPRISE MERCANTILE & MILLING CO *v.* CUNNINGHAM.

### (165 Pac. 224.)

**Replevin—Complaint—Sufficiency.**

1. A complaint in replevin seeking to recover possession of a dwelling-house on the land of the defendant, which recites no facts to overcome the presumption that the building was real estate, was insufficient, and a demurrer thereto should have been sustained.

**Fixtures—Severance of House—Replevin.**

2. Negotiations by a homesteader for the sale of his improvements together with a relinquishment of his possessory right to the land as homesteader did not constitute a constructive severance of the house from the realty, which would entitle a creditor to replevin the house as personal property.

**Fixtures—Conversion or Change of Form—Severance of House.**

3. Constructive severance of a fixture must arise from the intention of the owner as evidenced by his acts, and the disclosed purpose of a future severance would not change the character of a building from real estate to personal property.

   [As to tests for determining what are fixtures, see note in 105 Am. St. Rep. 646.]

From Wallowa: JOHN W. KNOWLES, Judge.

This is an action in replevin by the Enterprise Mercantile & Milling Company, a corporation, against

D. M. Cunningham. From a verdict and judgment in favor of plaintiff, defendant appeals. Reversed and remanded with directions to enter judgment for the defendant. Reversed and remanded.

In Banc. Statement by Mr. Justice Benson.

Plaintiff began an action in replevin alleging *inter alia:*

"That plaintiff is the owner of and entitled to the immediate possession of the following described personal property: One small dwelling house situated on the northwest quarter of the southeast quarter section twenty in township one south of range forty-five E. W. M. and of the value of one hundred dollars."

Then follow allegations of the wrongful withholding of possession to plaintiff's damage and a prayer for judgment.

Defendant demurred to the complaint contending that it appears therefrom that the property of which recovery is sought is real estate and therefore not subject to replevin. The demurrer having been overruled, defendant answered with a general denial. Upon the trial defendant objected to the introduction of any evidence by plaintiff for the reason that the complaint does not state a cause of action. The objection being overruled, the trial proceeded, resulting in a judgment for plaintiff from which defendant appeals.

Reversed and Remanded With Directions.

For appellant there was a brief and an oral argument by *Mr. Daniel W. Sheahan.*

For respondent there was a brief and an oral argument by *Mr. James A. Burleigh.*

Mr. Justice Benson delivered the opinion of the court.

There are 17 assignments of error but we shall consider but 2: (1) The demurrer to the complaint; and (2) the defendant's motion for a directed verdict.

The complaint seeks to recover possession of a dwelling-house located on land of the defendants but recites no facts which would take the property out of the classification of real estate where, *prima facie,* it belongs. The opposing counsel have each cited a single case supporting their several contentions. Plaintiff relies upon *Brearley* v. *Cox,* 24 N. J. Law, 287, which supports his claim that the pleading is sufficient. Defendant cites *Bridges* v. *Thomas,* 8 Okl. 620, 624 (58 Pac. 955), which says:

"In our judgment the court correctly sustained the demurrer to the petition. We have been cited to but one case which states a different rule. The supreme court of New Jersey, in the case of *Brearley* v. *Cox,* 24 N. J. Law, 287, held that it was no cause for demurrer to a declaration in replevin that it was brought for 'a barn, shingle mill, office, and shed,' for the reason that such things, while ordinarily fixtures and a part of the realty, yet they might be personalty, and whether they were or not was a matter of evidence. The case is disposed of on the theory that the facts showing whether such things were real or personal was evidence, and that it was not proper to plead evidence. We do not consider the case based on sound reasoning. There are strong reasons why the rule should be otherwise. If one is entitled to maintain the action of replevin, and to have the property seized and delivered to him, before a court should permit its process to be used to sever a building from its resting place, and cause it to be placed on wheels and transported back and forth like livestock or other chattels, the character of which cannot be questioned, the one desiring such process should be required to plead a state of

facts which, if proven, could leave no question as to his right to maintain the action, and the possession of the building.''

The latter case clearly states the better rule and it is the rule already adopted by this court in *Van Orsdol v. Hutchcroft,* 83 Or. 567 (163 Pac. 978), in which Mr. Justice MOORE says:

''As nearly every building is put up with the intention that it shall become and remain a part of the land on which it rests, it necessarily follows that, in order to overcome the presumption that a building is real property, a pleading must allege facts showing the structure was placed on a temporary foundation and erected with the intention that it should be removed, or that it had been taken from its original support so as to be moved away.''

It follows that the demurrer should have been sustained.

Even if the complaint were sufficient, the defendant's motion for a directed verdict should have been allowed, upon the evidence. There is no dispute as to the substantial facts in the case. One A. W. Fisher was the occupant of the house and the land upon which it is situated, and was indebted to the plaintiff. Fisher began negotiations with defendant for the sale of his improvements together with a relinquishment of his possessory right to the land as a homesteader. While such negotiations were pending, plaintiff began an action against Fisher and undertook to attach the house as personal property upon the theory that the negotiations for the sale of the house constituted a constructive severance of it from the realty, thereby changing its nature. Thereafter and before judgment, defendant purchased the relinquishment of the possessory right to the land together with the improvements thereon, went into possession thereof, filed the relin-

quishment and his own application for the land, and subsequently received a patent therefor. After judgment, the sheriff went through the form of an execution sale of the house at which plaintiff became the purchaser and then brought this action.

It has been held in a long line of cases that the relinquishment of the possessory right of a homesteader is a marketable commodity: *Fain* v. *United States,* 209 Fed. 525 (126 C. C. A. 347), and cases there cited. It is fundamental that a constructive severance of a fixture must arise from the intention of the owner as evidenced by his acts, and there is not a vestige of evidence in the record of any intention upon the part of Fisher to sever the house from the land and, in fact, it was never severed. Nor, indeed, could the disclosed· purpose of a future severance act to change the character of the building from real estate to personal property. The motion for a directed verdict should have been allowed. The judgment will be reversed and the cause remanded with directions to enter judgment for the defendant.

REVERSED AND REMANDED WITH DIRECTIONS.