Submitted on briefs September 18, affirmed September 25, 1917.

## QUINN v. HAWLEY PULP & PAPER CO.

(167 Pac. 571.)

**Master and Servant—Injuries to Servant—Actions—Instructions.**

1. In a servant's action for injuries, an instruction that, "if the work that the plaintiff engaged in was not work involving a risk or danger then any contributory negligence on the part of the plaintiff which contributed to approximately bring about the accident, then the plaintiff would not be entitled to recover anything on this action, provided of course that the contributory negligence of the plaintiff must have been in one or more of the respects as set forth in defendant's answer," was properly refused as tending to confuse the jury.

**Trial—Instructions—Evidence to Support.**

2. While a party is entitled to have his theory of the case presented to the jury under proper instructions, there must be some testimony tending to support such theory.

Master and Servant—Injuries to Servant—Safe Place to Work—
        Injury Avoidable by Master's Care.

3.   If the process used by the employer was such as in fact to cause
hurt to the employee when it was practicable to obviate the danger,
its long continuance does not make the master less culpable.

Trial—Instructions—Evidence.

4.   Evidence in a servant's action for injuries when piles of baled
paper fell upon him *held* to warrant refusal of instruction based on
theory that the plaintiff's work did not involve risk or danger within
the Employers' Liability Law (Laws 1911, p. 16).

        [As to duty and liability of master to night watchman, see
    note in Ann. *Cas.* 1912C, 1036.]

From Clackamas: JAMES U. CAMPBELL, Judge.


In Banc.    Statement by MR. JUSTICE BURNETT.

The complaint alleges the corporate character of
the defendant and that at the time of the injury com-
plained of the plaintiff was employed as a watchman
by the defendant so that the relation of employer and
employee then existed between them. Then follow
these averments:

"That on the 12th day of March, 1914, while plain-
tiff was engaged in performing the duties imposed
upon him by said defendant, and while acting under
instructions from said defendant, said plaintiff at-
tempted to close a large sliding door on the easterly
side of what was known as Mill 'C' and at said time
and place, large bundles of manufactured paper, each
bundle weighing approximately 125 pounds, had been
piled to a height of approximately nine feet and had
been piled in such close proximity to the said sliding
door that the top of said pile leaned over and against
the said sliding door, all through the carelessness, reck-
lessness and negligence of said defendant, and on
account thereof, several of said bundles of said paper
fell from the top of said pile upon and against this
plaintiff, injuring him in the manner hereinafter de-
scribed; that the place where said plaintiff was re-
quired to work was dangerous and involved risk and

he was required to work around said heavy bundles of paper so dangerously and negligently piled as aforesaid and said defendant failed and neglected to use every device, care and precaution which was practicable to be used for the protection and safety of life and limb; and said defendant was careless, reckless and negligent in requiring said plaintiff to work in said dangerous place; and said defendant was careless, reckless and negligent in not preventing said heavy bundles of paper from being piled in the said negligent and dangerous manner and in not warning this plaintiff of said danger; and said defendant could have erected between said sliding door and said pile of bundles of paper, stanchions or pieces of timber running from the ceiling to the floor of the room in said Mill 'C' which would prevent the said pile or the said bundles of paper from leaning against said sliding door and from being piled in the said dangerous manner, all of which could have been done without interfering in any way with the efficiency of the structure or other apparatus or device. As a direct result of the negligence herein alleged, plaintiff was injured as hereinafter described."

The injuries suffered by the plaintiff and their effect are particularly described.

The answer admits that the plaintiff

"at the time of the accident complained of was a watchman employed by this defendant and on the 12th day of March, 1914, received an injury at the mill of the said defendant in Oregon City, at that portion of said mill known as Mill 'C' by certain bundles of paper falling upon or about the said plaintiff."

The defendant denied all the other allegations of the complaint, except its own corporate existence. The further answer attributes the hurt to the plaintiff's own carelessness, alleges that knowing all the situation he assumed the risk of the employment, and

lastly that the injury was the result of a pure and unavoidable accident.

The new matter of the answer is traversed by the reply. A jury trial resulted in a verdict and judgment in favor of the plaintiff from which the defendant appeals.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).   AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wilbur, Spencer & Beckett* and *Mr. G. A. Gore.*

For respondent there was a brief over the names of *Messrs. Griffith, Leiter & Allen,* and *Mr. Frank J. Lonergan.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The testimony on behalf of the plaintiff showed, in substance, that while he was engaged in making his round as watchman for the defendant company he found the door leading into Mill "C" open and, as required by the duties of his station, proceeded to close it.   It was what is known as a sliding door hung upon overhead rollers.   The paper was in bales weighing about 125 pounds each and was piled up to a height of about 8 or 9 feet and in such close proximity to the door that on undertaking to close it four of them fell down upon the plaintiff and injured him in the manner described in the complaint.   The only testimony on behalf of the defendant was that of two employees who testified substantially that they piled the paper in the usual way.   It was shown in testimony, for the purpose of proving that it could be done, that after the accident the company caused stanchions to be

erected against which the paper could be piled without in any way interfering with the operation of the door or the storage of the bales. The defendant maintains as its theory of the case that this was not a work involving risk or danger and, hence, did not come within the operation of the employer's liability law. The excerpt from that statute applicable to this case reads as follows:

"And generally, all owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employees. or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices."

1, 2. The instruction propounded by the defendant to raise this question is here quoted:

"If the work that the plaintiff engaged in was not work involving a risk or danger then any contributory negligence on the part of the plaintiff which contributed to approximately bring about the accident, then the plaintiff would not be entitled to recover anything on this action, provided of course that the contributory negligence of the plaintiff must have been in one or more of the respects as set forth in defendant's answer."

This requested charge is so involved that instead of enlightening the jury it would have tended to confuse them and hence on that ground alone was properly refused. It is true that a party is entitled to have his theory of the case presented to the jury under proper instructions: *Fiore* v. *Ladd,* 25 Or. 423, 425 (36 Pac. 572); *Farmers' etc. Nat. Bank* v. *Woodell,* 38

Or. 294, 307 (61 Pac. 837, 65 Pac. 520); *State* v. *Smith,* 43 Or. 109, 114 (71 Pac. 973); *Cerrano* v. *Portland Ry., L. & P. Co.,* 62 Or. 421, 427 (126 Pac. 37). This, however, is qualified by the requirement that there must be some testimony tending to prove the theory of the party complaining. The reason of this is that the jury is charged with the duty of considering the testimony. To aid them in so doing the court instructs them as to the law applicable thereto. If there be no evidence to which the requested charge properly may be applied, to give it would be confusing to the jury as an abstraction, foreign to the case.

3, 4. The testimony on behalf of the plaintiff was utterly undisputed. It showed that he was injured while in the usual prosecution of his employment. We thus have a situation delineated by the evidence on his behalf where, in the discharge of his duty in the customary manner, he was injured by the falling upon him of the paper so piled as to cause that result by the closing of the door. That the bales were stacked up in the usual way does not controvert the showing of the plaintiff. If that was the habitual method of storing the paper, the wonder is that some one was not hurt before the injury in question. If the process used was such as in fact to cause hurt to the employee, when it was practicable to obviate the danger, its long continuance does not make it less culpable. There was, therefore, no theory of the case to which the requested charge, even if properly stated, would have been applicable; hence it was not error to refuse it. The case stated and proved by uncontroverted testimony lies clearly within the purview of the enactment under consideration. The instructions given and assigned as error are proper statements of the law as declared by the statute mentioned. In brief, there was nothing in

the testimony taking the case out of the operation of the employer's liability law, and hence it was not error to refuse to go into the abstract question predicated upon the theory that the work was not one involving a risk or danger.    The judgment is affirmed.

AFFIRMED.